# EXHIBIT A



### *Superior Court of California, County of Los Angeles*
### ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS MUST SERVE THIS ADR INFORMATION PACKAGE ON ANY NEW PARTIES NAMED TO THE ACTION WITH THE CROSS-COMPLAINT.**

**WHAT IS ADR?**
Alternative Dispute Resolution (ADR) helps people find solutions to their legal disputes without going to trial. The Court offers a variety of ADR resources and programs for various case types.

**TYPES OF ADR**

- **Negotiation.** Parties may talk with each other about resolving their case at any time. If the parties have attorneys, they will negotiate for their clients.

- **Mediation.** Mediation may be appropriate for parties who want to work out a solution but need help from a neutral third party. A mediator can help the parties reach a mutually acceptable resolution. Mediation may be appropriate when the parties have communication problems and/or strong emotions that interfere with resolution. Mediation may not be appropriate when the parties want a public trial, lack equal bargaining power, or have a history of physical or emotional abuse.

- **Arbitration.** Less formal than a trial, parties present evidence and arguments to an arbitrator who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.

- **Settlement Conferences.** A judge or qualified settlement officer assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Mandatory settlement conferences may be ordered by a judicial officer. In some cases, voluntary settlement conferences may be requested by the parties.

**ADVANTAGES OF ADR**

- **Save time and money.** Utilizing ADR methods is often faster than going to trial and parties can save on court costs, attorney's fees, and other charges.
- **Reduce stress and protect privacy.** ADR is conducted outside of a courtroom setting and does not involve a public trial.
- **Help parties maintain control.** For many types of ADR, parties may choose their ADR process and provider.

**DISADVANTAGES OF ADR**

- **Costs.** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial.** ADR does not provide a public trial or decision by a judge or jury.

**WEBSITE RESOURCES FOR ADR**

- **Los Angeles Superior Court ADR website:** www.lacourt.org/ADR
- **California Courts ADR website:** www.courts.ca.gov/programs-adr.htm

**Los Angeles Superior Court ADR Programs for Unlimited Civil (cases valued over $35,000)**
Litigants should closely review the requirements for each program and the types of cases served.

- **Civil Mediation Vendor Resource List.** Litigants in unlimited civil cases may use the Civil Mediation Vendor Resource List to arrange voluntary mediations without Court referral or involvement. The Resource List includes organizations that have been selected through a formal process that have agreed to provide a limited number of low-cost or no-cost mediation sessions with attorney mediators or retired judges. Organizations may accept or decline cases at their discretion. Mediations are scheduled directly with these organizations and are most often conducted through videoconferencing. The organizations on the Resource List target active civil cases valued between $50,000-$250,000, though cases outside this range may be considered. *For more information and to view the list of vendors and their contact information, download the Resource List Flyer and FAQ Sheet at www.lacourt.org/ADR/programs.html.*
  **RESOURCE LIST DISCLAIMER:** The Court provides this list as a public service. The Court does not endorse, recommend, or make any warranty as to the qualifications or competency of any provider on this list. Inclusion on this list is based on the representations of the provider. The Court assumes no responsibility or liability of any kind for any act or omission of any provider on this list.

- **Mediation Volunteer Panel (MVP).** Unlimited civil cases referred by judicial officers to the Court's Mediation Volunteer Panel (MVP) are eligible for three hours of virtual mediation at no cost with a qualified mediator from the MVP. Through this program, mediators volunteer preparation time and three hours of mediation at no charge. If the parties agree to continue the mediation after three hours, the mediator may charge their market hourly rate. When a case is referred to the MVP, the Court's ADR Office will provide information and instructions to the parties. The Notice directs parties to meet and confer to select a mediator from the MVP or they may request that the ADR Office assign them a mediator. The assigned MVP mediator will coordinate the mediation with the parties. *For more information or to view MVP mediator profiles, visit the Court's ADR webpage at www.lacourt.org/ADR or email ADRCivil@lacourt.org.*

- **Mediation Center of Los Angeles (MCLA) Referral Program.** The Court may refer unlimited civil cases to mediation through a formal contract with the Mediation Center of Los Angeles (MCLA), a nonprofit organization that manages a panel of highly qualified mediators. Cases must be referred by a judicial officer or the Court's ADR Office. The Court's ADR Office will provide the parties with information for submitting the case intake form for this program. MCLA will assign a mediator based on the type of case presented and the availability of the mediator to complete the mediation in an appropriate time frame. MCLA has a designated fee schedule for this program. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

- **Resolve Law LA (RLLA) Virtual Mandatory Settlement Conferences (MSC).** Resolve Law LA provides three-hour virtual Mandatory Settlement Conferences at no cost for personal injury and non-complex employment cases. Cases must be ordered into the program by a judge pursuant to applicable Standing Orders issued by the Court and must complete the program's online registration process. The program leverages the talent of attorney mediators with at least 10 years of litigation experience who volunteer as settlement officers. Each MSC includes two settlement officers, one each from the plaintiff and defense bars. Resolve Law LA is a joint effort of the Court, Consumer Attorneys Association of Los Angeles County (CAALA), Association of Southern California Defense Counsel (ASCDC), Los Angeles Chapter of the American Board of Trial Advocates (LA-ABOTA), Beverly Hills Bar Foundation (BHBF), California Employment Lawyers Association (CELA), and Los Angeles County Bar Association (LACBA). *For more information, visit https://resolvelawla.com.*

- **Judicial Mandatory Settlement Conferences (MSCs).** Judicial MSCs are ordered by the Court for unlimited civil cases and may be held close to the trial date or on the day of trial. The parties and their attorneys meet with a judicial officer who does not make a decision, but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For more information, visit https://www.lacourt.org/division/civil/CI0047.aspx.

## Los Angeles Superior Court ADR Programs for Limited Civil (cases valued below $35,000)

Litigants should closely review the requirements for each program and the types of cases served.

- **Online Dispute Resolution (ODR).** Online Dispute Resolution (ODR) is a free online service provided by the Court to help small claims and unlawful detainer litigants explore settlement options before the hearing date without having to come to court. ODR guides parties through a step-by-step program. After both sides register for ODR, they may request assistance from trained mediators to help them reach a customized agreement. The program creates settlement agreements in the proper form and sends them to the Court for processing. Parties in small claims and unlawful detainer cases must carefully review the notices and other information they receive about ODR requirements that may apply to their case. *For more information, visit https://my.lacourt.org/odr.*

- **Dispute Resolution Program Act (DRPA) Day-of-Hearing Mediation.** Through the Dispute Resolution Program Act (DRPA), the Court works with county-funded agencies, including the Los Angeles County Department of Consumer & Business Affairs (DCBA) and the Center for Conflict Resolution (CCR), to provide voluntary day-of-hearing mediation services for small claims, unlawful detainer, limited civil, and civil harassment matters. DCBA and CCR staff and trained volunteers serve as mediators, primarily for self-represented litigants. There is no charge to litigants. *For more information, visit https://dcba.lacounty.gov/countywidedrp.*

- **Temporary Judge Unlawful Detainer Mandatory Settlement Conference Pilot Program.** Temporary judges who have been trained as settlement officers are deployed by the Court to designated unlawful detainer court locations one day each week to facilitate settlement of unlawful detainer cases on the day of trial. For this program, cases may be ordered to participate in a Mandatory Settlement Conference (MSC) by judicial officers at Stanley Mosk, Long Beach, Compton, or Santa Monica. Settlement rooms and forms are available for use on the designated day at each courthouse location. There is no charge to litigants for the MSC. *For more information, contact the Court's ADR Office at ADRCivil@lacourt.org.*

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>09/17/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Ballesteros _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>25LBCV02555 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✓ | Nicole M. Heeseman | S25 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 09/18/2025
  (Date)

David W. Slayton, Executive Officer / Clerk of Court

By J. Ballesteros_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORATION, DEBY
WOLFORD, JOHN SIMMONS; and DOES 1- 10 inclusive

~~10 inclusive~~
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Elton Spain

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| Electronically FILED by Superior Court of California, County of Los Angeles 9/17/2025 12:36 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Ballesteros, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
|---|---|
| *(El nombre y dirección de la corte es):* | *(Número del Caso):* |
| Governor George Deukmejian | 25LBCV02555 |
| 275 Magnolia | |
| **Long Beach, CA 90802** | |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Daniel L. Nelson, SBN 14670 & Daryl G. Crouse, SBN 296385
Law Office of Daniel L. Nelson & Associates
13144 Prarie Ave Hawthorne, CA 90240          09/17/2025

| Clerk, by | J. Ballesteros | , Deputy |
|---|---|---|
| *(Secretario)* | David W. Slayton, Executive Officer/Clerk of Court | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

Daniel L. Nelson (SBN 146470)
Daryl G. Crouse (SBN 296385)
daryl@dlnelsonlaw.com
LAW OFFICE OF DANIEL L. NELSON
13144 Prairie Ave.
Hawthorne, CA 90250
(310) 641-8300

Attorney for Plaintiff
Elton Spain

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/17/2025 12:36 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

ELTON SPAIN

     Plaintiff,

     v.

ENCOMPASS HOUSING, A CALIFORNIA
NONPROFIT CORPORATION, DEBY
WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
inclusive.

     Defendants.

Case No. **25LBCV02555**

**COMPLAINT FOR DAMAGES AND
INJUNCTIVE RELIEF**
1. **Violation of Civil Code § 789.3 (Illegal Eviction / Lockout)**
2. **Disability Discrimination – Fair Housing Act (42 U.S.C. § 3601 et seq.)**
3. **Disability Discrimination – Section 504 of the Rehabilitation Act (29 U.S.C. § 794)**
4. **Disability Discrimination – California Fair Employment and Housing Act (Gov. Code § 12955)**
5. **Breach of Warranty of Habitability (Civ. Code § 1941.1)**
6. **Negligence**
7. **Intentional Infliction of Emotional Distress**
8. **Declaratory and Injunctive Relief**

## I.    PARTIES

1.    Plaintiff Elton Spain is an individual and resident of Los Angeles County, California. He has a mobility disability that substantially limits his ability to walk long distances.

2.    Defendant Encompass Housing Program ("Encompass") is a California nonprofit corporation that operates a recuperative care housing facility in Long Beach, California, and receives federal, state, and private funding.

3.    Defendant Deby Wolford is, and at all relevant times was, the Executive Director of Encompass, responsible for policy, oversight, and approval of terminations and evictions. She personally ratified or

directed the conduct alleged herein.

4.    Defendant John Simmons is, and at all relevant times was, the Director of Recuperative Care at Encompass, responsible for daily operations, staff supervision, and implementation of eviction decisions. He personally participated in and oversaw Plaintiff's removal.

5.    Plaintiff is ignorant of the true names of Does 1 through 10 and sues them under fictitious names. Plaintiff will amend this Complaint to allege their true names when ascertained.

## II.    JURISDICTION AND VENUE

6.    Jurisdiction is proper under California Constitution and Code of Civil Procedure §§ 410.10 and 395.

7.    Venue is proper because Defendants operate the subject facility in Los Angeles County and the events occurred in this County.

## III. FACTUAL ALLEGATIONS

8.    Plaintiff entered Encompass's recuperative care program to recover from serious medical conditions. His disability makes it difficult to walk long distances, so access to nearby bathroom facilities is essential.

9.    On or about September 12, 2025, Plaintiff needed to use the closest bathroom to his room. The bathroom was locked with a screw but had no signs or warnings indicating it was under repair or unavailable. Because of his disability, Plaintiff removed the screw and used the bathroom. He was unaware the plumbing was under repair. The use caused water to leak into a room below.

10.    On September 15, 2025, Defendants accused Plaintiff of intentionally destroying property by using the bathroom. Plaintiff explained that he never intended harm and had no knowledge of repairs. Defendants ignored his explanation and treated his conduct as willful misconduct.

11.    That same day, Defendants gave Plaintiff less than one hour to vacate the facility. They did not provide written notice, a grievance process, or a court order. Instead, staff ordered that he take an Uber to a homeless shelter that had no beds and left him unsheltered.

12.    Defendant Encompass houses approximately forty residents but provides only two toilets and two showers. The California Plumbing Code Table 422.1 requires at least eight toilets, eight lavatories, and ten showers for this number of residents. The lack of adequate and accessible facilities violates state

health and safety laws and renders the premises uninhabitable under Civil Code § 1941.1.

13.   Defendants Wolford and Simmons personally directed or ratified the decision to evict Plaintiff without lawful process, to characterize him as intentionally destructive, and to abandon him at an overcrowded shelter.

14.   Plaintiff suffered homelessness, humiliation, physical pain, emotional distress, and risk to his health as a direct result of Defendants' conduct.

### First Cause of Action – Violation of Civil Code § 789.3

15.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

16.   Defendants unlawfully evicted Plaintiff without court order or lawful notice, violating § 789.3. Plaintiff seeks damages, statutory penalties, and attorney's fees.

### Second Cause of Action – Disability Discrimination (Fair Housing Act)

17.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

18.   Defendants' conduct violated 42 U.S.C. § 3604(f) by refusing to accommodate Plaintiff's disability and penalizing him for disability-related conduct.

### Third Cause of Action – Disability Discrimination (Section 504 of the Rehabilitation Act)

19.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

20.   Defendant Encompass receives federal financial assistance and violated Section 504 by excluding Plaintiff from housing on the basis of disability.

### Fourth Cause of Action – Disability Discrimination (FEHA)

21.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

22.   Defendants violated Gov. Code § 12955 by failing to provide reasonable accommodation and evicting Plaintiff for disability-related conduct.

### Fifth Cause of Action – Breach of Warranty of Habitability

23.   Plaintiff realleges and incorporates by reference each and every allegation contained in the

preceding paragraphs of this Complaint as though fully set forth herein.

24.   Defendants failed to maintain habitable premises by providing only two toilets and two showers for forty residents, in violation of Civ. Code § 1941.1 and the California Plumbing Code.

### Sixth Cause of Action – Negligence

25.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

26.   Defendants owed Plaintiff a duty of care to provide safe, habitable housing and to follow lawful eviction procedures. They breached these duties, causing Plaintiff harm.

### Seventh Cause of Action – Intentional Infliction of Emotional Distress

27.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

28.   Defendants' conduct in forcing Plaintiff from housing on one hour's notice, falsely accusing him of intentional property destruction, and abandoning him at a shelter with no beds was outrageous and intended to cause, or carried reckless disregard of causing, severe emotional distress. Plaintiff suffered such distress as a result.

### Eighth Cause of Action – Declaratory and Injunctive Relief

29.   Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

30.   Plaintiff seeks declaratory relief that his eviction was unlawful and injunctive relief restoring him to housing and requiring Defendants' compliance with fair housing, disability, and health and safety laws.

### PRAYER FOR RELIEF

1.   Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

2.   For general and special damages according to proof;

3.   For statutory penalties and damages under Civil Code § 789.3;

4.   For punitive damages where authorized by law;

5.   For attorney's fees and costs, including $6,500 already incurred, under Civil Code § 789.3, FHA, FEHA, and Code Civ. Proc. § 1021.5;

6.  For declaratory relief that Defendants' conduct was unlawful;

7.  For injunctive relief restoring Plaintiff to housing and requiring compliance with statutory and regulatory obligations;

8.  For such other relief as the Court deems just and proper.

Dated:  9/17/25

**LAW OFFICE OF DANIEL L. NELSON**

Daryl G. Crouse, Esq.

*Attorney for Plaintiff*
*Elton Spain*

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/18/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ J. Ballesteros _____ Deputy

COURTHOUSE ADDRESS:

Governor George Deukmejian Courthouse

275 Magnolia Ave, Long Beach, CA 90802

PLAINTIFF(S):

Elton Spain

DEFENDANT(S):

ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORAT

**ORDER TO SHOW CAUSE HEARING**

CASE NUMBER:

25LBCV02555

To the party / attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on <u>12/02/2025</u> at <u>8:30 AM</u> in department <u>S25</u> of this court, <u>Governor George Deukmejian Courthouse</u>, and show cause why sanctions should not be imposed for:

[✓]    Failure to file proof of service.

Failure to comply or appear may result in sanctions pursuant to one or more of the following:  California Rules of Court, rule 2.30 and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[✓]    To avoid a mandatory appearance all required documents must be filed at least 5 days prior to the date of the hearing.

Dated:  <u>09/18/2025</u>

_____
Nicole M. Heeseman / Judge
Judicial Officer

**ORDER TO SHOW CAUSE HEARING**

Cal. Rules of Court, rule 2.30
LASC Local Rules, Chapter 7

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
| COURTHOUSE ADDRESS:<br>Governor George Deukmejian Courthouse<br>275 Magnolia Ave, Long Beach, CA 90802 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>09/18/2025<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____ J. Ballesteros _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Elton Spain | |
| DEFENDANT/RESPONDENT:<br>ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT<br>CORPORATION, et al. | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>25LBCV02555 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the **Order to Show Cause Failure to File Proof of Service** upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in **Long Beach**, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Daryl Glenn Crouse
The Law Office of Daniel L. Nelson & Associates
13144 Prairie Ave
Hawthorne, CA 90250

David W. Slayton, Executive Officer / Clerk of Court

Dated: <u>09/18/2025</u>          By: <u>J. Ballesteros</u>
                                                    Deputy Clerk

**CERTIFICATE OF MAILING**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel L. Nelson, SBN 14670 & Daryl G. Crouse, SBN 296385<br>Law Office of Daniel L. Nelson & Associates<br>13144 Prarie Ave Hawthorne, CA 90240<br><br>TELEPHONE NO.: (310) 641-8300    FAX NO.: (310) 641-4932<br>EMAIL ADDRESS: litigation@dlnelsonlaw.com<br>ATTORNEY FOR *(Name)*: Elton Spain | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/18/2025 4:06 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By J. Ballesteros, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS: 275 Magnolia

MAILING ADDRESS: 275 Magnolia

CITY AND ZIP CODE: 90802

BRANCH NAME: Governor George Deukmejian

CASE NAME: Elton Spain *v.* ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT
CORPORATION, DEBY WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
inclusive.

| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|
| ☒ **Unlimited** (Amount demanded exceeds $35,000)    ☐ **Limited** (Amount demanded is $35,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 25LBCV02555 |
| | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☒ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. ☒ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Two
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: September 17, 2025

Daryl G. Crouse

▶ *(signature)*

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courts.ca.gov*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

| SHORT TITLE | CASE NUMBER |
|---|---|
| SPAIN, E v ENCOMPASS HOUSING | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

> **This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases - unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | 12. Location where defendant resides if incident occurred outside Los Angeles County. |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons(see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto(22) | ☐ 2201 Motor Vehicle-Personal Injury/Property Damage/Wrongful Death | 1, 4,12 |
| | | ☐ 2202 Motor Vehicle - Personal Injury/Property Damage | 1,4,12 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist-Personal Injury/Property Damage/Wrongful Death | 1,4,12 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attach, etc.) | 1,4,12 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1,4,12 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1,4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1,4,12 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SPAIN, E v ENCOMPASS HOUSING | |

|  | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury /Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death(23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1,4 |
| | | ☐ 2306 Intentional Conduct - Sexual Abuse Case (in any form) | 1,4 |
| | | ☐ 2307 Construction Accidents | 1,4 |
| | | ☐ 2308 Landlord -Tenant Habitability (e.g., bed bugs, mold, etc.) | 1,4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1,4 |
| | | ☐ 2402 Product Liability - Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1,3,5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice - Physicians & Surgeons | 1,4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1,4 |
| **Non- Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1,2,3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1,2,3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1,2,3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1,2,3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1,2,3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1,2,3 |
| | Other(35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1,2,3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1,2,3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1,2,3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2,5 |
| | | ☐ 0602 Contract/Warranty Breach - Seller Plaintiff (no fraud/negligence) | 2,5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1,2,5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1,2,5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2,5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE | CASE NUMBER |
|---|---|
| SPAIN, E v ENCOMPASS HOUSING | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Contract** (continued) | Collections (09) | ☐ 0901 Collections Case - Seller Plaintiff | 5, 6,11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5,11 |
| | | ☐ 0903 Collections Case - Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6,11 |
| | | ☐ 0904 Collections Case - COVID-19 Rental Debt | 5,11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels_____ | 2,6 |
| | Wrongful Eviction (33) | ☒ 3301 Wrongful Eviction Case | 2,6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2,6 |
| | | ☐ 2602 Quiet Title | 2,6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2,6 |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ 3101 Unlawful Detainer - Commercial (not drugs or wrongful eviction) | 6,11 |
| | Unlawful Detainer- Residential (32) | ☐ 3201 Unlawful Detainer - Residential (not drugs or wrongful eviction) | 6,11 |
| | Unlawful Detainer- Post Foreclosure (34) | ☐ 3401 Unlawful Detainer- Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer- Drugs(38) | ☐ 3801 Unlawful Detainer- Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2,3,6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2,5 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

For Mandatory Use

| SHORT TITLE | CASE NUMBER |
|---|---|
| SPAIN, E v ENCOMPASS HOUSING | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Judicial Review** (continued) | Writ of Mandate (02) | ☐ 0201 Writ-Administrative Mandamus | 2,8 |
| | | ☐ 0202 Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2,8 |
| | | ☐ 3902 Administrative Hearing | 2,8 |
| | | ☐ 3903 Parking Appeal | 2,8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1,2,8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1,11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1,11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1,2,3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1,2,8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1,2,8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1,2,3,8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2,6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2,8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2,8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2,8,9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1,2,8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1,2,8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2,8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1,2,8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1,2,8 |

LASC CIV 109 Rev. 10/24

For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| SPAIN, E v ENCOMPASS HOUSING | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2,8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2,3,9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2,3,9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2,3,9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2,7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2,3,8 |
| | | ☐ 4307 Other Civil Petition | 2,9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☒ 2. ☐ 3. ☐ 4. ☐ 5 ☒ 6 | ADDRESS:<br>4111 E Wilton St. |
|---|---|
| CITY:<br>Long Beach | STATE:<br>CA | ZIP CODE:<br>90804 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___South___ District of the Superior Court of California, County of Los Angeles. [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: September 17, 2025

_(signature)_

(SIGNATURE OF ATTORNEY/FILING PARTY)
Daryl G. Crouse

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/24).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-011, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 10/24

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

For Mandatory Use

Docusign Envelope ID: D112B9E4-DE7C-4405-A44D-54266159729C

1  Daniel L. Nelson (SBN
2  Daryl G. Crouse (SBN 296385)
   daryl@dlnelsonlaw.com
3  LAW OFFICE OF DANIEL L. NELSON
   13144 Prairie Ave.
4  Hawthorne, CA 90250
   (310) 641-8300

5  Attorney for Plaintiff
   Elton Spain

6

**Electronically FILED by
Superior Court of California,
County of Los Angeles
9/18/2025 4:06 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk**

7  ## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8  ## COUNTY OF LOS ANGELES

9

10  ELTON SPAIN

11      Plaintiff,

12      v.

13  ENCOMPASS HOUSING, A CALIFORNIA
    NONPROFIT CORPORATION, DEBY
14  WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
    inclusive.

15      Defendants.

16

Case No.   25LBCV02555

**EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING ORDER AND
ORDER TO SHOW CAUSE RE:
PRELIMINARY INJUNCTION;
MEMORANDUM OF POINTS &
AUTHORITIES; DECLARATIONS**

Hearing Date: 09/22/2025
Time: 8:30 a.m.
Department: S25
Courthouse:  275 Magnolia Long Beach, CA 90802

17

18        Plaintiff Elton Spain applies ex parte for a Temporary Restraining Order and Order to Show Cause

19  re Preliminary Injunction. Plaintiff seeks immediate relief to prevent Defendants Encompass Housing,

20  Deby Wolford, Executive Director and John Simmons, Director of Recuperative Care from continuing to

21  exclude him from his residence following an unlawful eviction that occurred on September 15, 2025, and

22  to require restoration of his tenancy. Defendant forced Plaintiff from the premises with less than one hour's

23  notice, transported him to a shelter with no available beds, and abandoned him there. Defendant's actions

24  violated California landlord-tenant law, the Transitional Housing Participant Misconduct Act, the Fair

25  Housing Act, Section 504 of the Rehabilitation Act, the California Fair Employment and Housing Act, and

26  the California Building and Plumbing Codes.

27        Plaintiff is a person with a mobility disability protected under the Fair Housing Act (42 U.S.C. §

28  3601 et seq.), Section 504 of the Rehabilitation Act, and FEHA (Gov. Code § 12900 et seq.). Defendant's

conduct also constitutes unlawful disability discrimination for failure to provide reasonable accommodation.

In addition, Defendant's facility conditions are unsafe and unlawful. Encompass houses approximately 40 residents in a co-ed recuperative care program but provides only two toilets and two showers for all residents. Under the California Plumbing Code Table 422.1, the facility is required to provide at least eight toilets, eight lavatories, and ten showers for this population. Defendant's failure to comply with these minimum standards violates the California Building and Plumbing Codes, renders the premises uninhabitable under Civil Code § 1941.1, and creates severe health risks for vulnerable residents.

Without immediate court intervention, Plaintiff will continue to suffer irreparable harm, including homelessness and serious health consequences. The balance of equities strongly favors Plaintiff, and the public interest is served by requiring a publicly funded provider to comply with due process, fair housing obligations, and health and safety codes.

Dated:  9/16/25

Crouse & Associates

Daryl G. Crouse, Esq.

*Attorney for Plaintiff*
*Elton Spain*

1  Daniel L. Nelson (SBN
   Daryl G. Crouse (SBN 296385)
2  daryl@dlnelsonlaw.com
   LAW OFFICE OF DANIEL L. NELSON
3  13144 Prairie Ave.
   Hawthorne, CA 90250
4  (310) 641-8300

5  Attorney for Plaintiff
   Elton Spain

6

7             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF LOS ANGELES

9
   ELTON SPAIN                          Case No. 25LBCV02555
10
         Plaintiff,
11
         v.                             **MEMORANDUM OF POINTS AND**
12
                                             **AUTHORITIES**
   ENCOMPASS HOUSING, A CALIFORNIA
13 NONPROFIT CORPORATION, DEBY
   WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
14 inclusive.

15       Defendants.

16

17

18  **I.    INTRODUCTION**

19       Plaintiff is a disabled individual residing in Defendant's recuperative care housing facility in Long

20  Beach, California. On September 15, 2025, Defendant accused Plaintiff of intentionally destroying

21  property after he used a bathroom near his room. There were no signs or warnings indicating that the

22  bathroom was inoperable due to plumbing repairs. Because of his mobility disability, Plaintiff cannot

23  walk long distances, and the closer bathroom was the only feasible option. Defendant nonetheless treated

24  his conduct as willful destruction and immediately forced him out of the program. He was taken to a

25  shelter that had no available beds and was left unsheltered.

26       This case presents not only an unlawful eviction but also disability discrimination and unsafe,

27  unlawful living conditions. Defendant houses approximately forty residents of mixed genders but

28  provides only two toilets and two showers for all residents. The California Plumbing Code Table 422.1

requires at least eight toilets, eight lavatories, and ten showers for a facility of this size. The grossly

insufficient and inaccessible facilities violate the Building and Plumbing Codes and render the premises

uninhabitable.

Plaintiff requests a temporary restraining order restoring him to possession of his residence,

prohibiting further unlawful eviction, and requiring Defendant to comply with its legal obligations.


## II.   FACTUAL BACKGROUND

Plaintiff suffers from a mobility disability that significantly limits his ability to walk long distances.

On or about September 12, 2025, Plaintiff needed to use a bathroom. The closest bathroom was locked

with a screw but not marked as closed or under repair. No signs or warnings indicated it was unavailable.

Plaintiff removed the screw and used the facility. Unknown to him, the plumbing was being repaired, and

his use caused water to leak to a room below.

On September 15, 2025, Defendant staff accused him of intentionally destroying property and

ordered him to vacate immediately. He was given less than one hour's notice. Defendant refused to

provide him with the client advocate telephone number and denied access to any grievance procedure.

Staff transported him by Uber to a shelter where there were no available beds. He was left unsheltered

that night despite his medical vulnerabilities.

Defendant's facility houses approximately forty residents, many of whom are medically fragile. Yet

the facility provides only two toilets and two showers in total. Residents must wait extended periods to

use these facilities, and they are inadequate for individuals with mobility limitations.

## III.   LEGAL STANDARD

A TRO and preliminary injunction may issue to preserve the status quo where the moving party

demonstrates (1) a likelihood of success on the merits and (2) irreparable harm absent relief. Courts also

consider the balance of hardships and public interest. (*White v. Davis* (2003) 30 Cal.4th 528, 554).

## IV.   ARGUMENT

**A. Plaintiff is Likely to Succeed on the Merits.**

Defendant's removal of Plaintiff without written notice, court order, or lawful process violates

Civil Code § 789.3, which prohibits self-help evictions. The Transitional Housing Participant Misconduct

1  Act (Civil Code § 1954.10 et seq.) requires written notice and a judicial order before a participant may be

2  removed for alleged misconduct. Defendant's one-hour demand and forced removal violated these

3  provisions.

4       Defendant's claim that Plaintiff intentionally destroyed property is unsupported. Plaintiff acted

5  only to access a nearby bathroom because of his mobility disability, and no signs or warnings indicated

6  the bathroom was unavailable. Treating his conduct as intentional destruction is a pretext for unlawful

7  removal.

8       Defendant also violated the Fair Housing Act, Section 504, and FEHA by failing to provide a

9  reasonable accommodation for Plaintiff's disability. His need for an accessible bathroom is directly

10  related to his impairment. Punishing him for attempting to meet that need is disability discrimination.

11       Finally, Defendant's facility violates the California Plumbing Code Table 422.1, which requires

12  at least eight toilets, eight lavatories, and ten showers for forty occupants. With only two toilets and two

13  showers, the facility fails to meet basic health and safety standards and is uninhabitable under Civil Code

14  § 1941.1.

15  **B. Plaintiff Will Suffer Irreparable Harm Without Relief.**

16       Plaintiff has already been rendered homeless. As a medically vulnerable individual, remaining

17  unsheltered poses immediate risks to his health, dignity, and safety. Money damages cannot remedy this

18  harm.

19  **C. The Balance of Hardships Favors Plaintiff.**

20       Plaintiff faces life-threatening harm. Defendant faces no comparable hardship by restoring him to

21  possession pending lawful proceedings.

22  **D. Public Interest Supports Relief.**

23       The public interest is served by enforcing California housing laws, protecting disabled individuals

24  from discrimination, and ensuring that publicly funded housing providers comply with minimum health

25  and safety standards.

26  **V.    PLAINTIFF IS ENTITLED TO ATTORNEY'S FEES**

27       California law and federal fair housing statutes authorize recovery of attorney's fees where, as

28  here, a tenant is forced to seek court intervention to prevent an unlawful eviction and enforce disability

Docusign Envelope ID: D112B9E4-DE7C-4495-A4FD-54266159729C

rights. Civil Code section 789.3 provides that a landlord who unlawfully evicts or locks out a tenant is liable for actual damages, a statutory penalty, and "reasonable attorney's fees." Because Defendant engaged in self-help eviction on September 15, 2025, Plaintiff is entitled to recover his attorney's fees under this statute.

In addition, the Fair Housing Act (42 U.S.C. § 3613(c)(2)) authorizes courts to award reasonable attorney's fees to prevailing parties in actions alleging housing discrimination. Similarly, the California Fair Employment and Housing Act (Gov. Code § 12965(b)) provides for attorney's fees where a plaintiff prevails on a claim of housing discrimination or failure to provide reasonable accommodation. Plaintiff's claims here arise directly under those statutes, since Defendant penalized him for disability-related conduct and failed to accommodate his mobility impairment.

Plaintiff's counsel has reasonably expended approximately ten (10) hours in preparing the ex parte application, declarations, and supporting documents at a rate of $650 per hour. This lodestar calculation results in attorney's fees of $6,500. The rate is consistent with prevailing market rates for experienced civil rights and housing attorneys practicing in Los Angeles County. The hours are modest given the urgent circumstances and breadth of issues that had to be addressed in an emergency filing.

Accordingly, Plaintiff respectfully requests that the Court award attorney's fees in the amount of $6,500 as part of the relief ordered on this application, both to compensate counsel for time necessarily expended and to deter housing providers from engaging in unlawful self-help eviction and discriminatory conduct.

## VI.    CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court issue a Temporary Restraining Order immediately restoring him to possession of his housing unit, restraining Defendant from any further unlawful eviction absent lawful process, and setting an Order to Show Cause re Preliminary Injunction.

September 16, 2025                    **THE LAW OFFICE OF DANIEL L. NELSON**


By: _____
Daryl Glenn Crouse, Esq.
*Attorney for Plaintiff,* Elton Spain

1  Daniel L. Nelson (SBN
   Daryl G. Crouse (SBN 296385)
2  daryl@dlnelsonlaw.com
   LAW OFFICE OF DANIEL L. NELSON
3  13144 Prairie Ave.
   Hawthorne, CA 90250
4  (310) 641-8300

5  Attorney for Plaintiff
   Elton Spain

6

7              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF LOS ANGELES

9
   ELTON SPAIN                          Case No.   25LBCV02555
10
          Plaintiff,
11
          v.                                  **Declaration of Plaintiff, Elton Spain**
12
   ENCOMPASS HOUSING, A CALIFORNIA
13 NONPROFIT CORPORATION, DEBY
   WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
14 inclusive.

15        Defendants.

16

17 I, Elton Spain, declare as follows:

18   1.  I was a resident of the Encompass Housing recuperative care program located in Long Beach,

19       California until September 15, 2025. I was placed there to recover from serious medical

20       conditions, and I require supportive housing because of my mobility disability. I have difficulty

21       walking long distances and need ready access to facilities near my room.

22   2.  On or about September 12, 2025, I needed to use the bathroom closest to my room. The door was

23       secured with a small screw but had no signs, notices, or warnings indicating that the bathroom

24       was closed, unsafe, or undergoing repairs. Because I cannot easily walk long distances due to my

25       disability, I removed the screw and used the bathroom. At that time, I had no knowledge that the

26       plumbing was being repaired. Afterward, I learned that water had leaked into a room below.

27

28

                                           1
                                     DECLARATION

Docusign Envelope ID: D112B9E4-DE7G-4405-A44D-54266159729C

3.  On September 15, 2025, staff from Encompass accused me of intentionally destroying property by using the bathroom. I never intended to cause harm and was unaware that the bathroom was inoperable. My only reason for using that bathroom was my physical limitation. I explained this but was ignored.

4.  That same day, staff gave me less than one hour's notice to vacate my housing. They refused to provide me with contact information for a client advocate or allow me to file any grievance. Instead, they transported me to a homeless shelter. When I arrived, the shelter had no available beds. Staff left me there, and I became unsheltered that night.

5.  Encompass houses approximately forty residents in the program. Despite this, there are only two toilets and two showers for everyone. These facilities are overcrowded, difficult to access, and unsafe for people like me who have medical needs and limited mobility. The lack of sufficient and accessible bathrooms puts my health and dignity at risk.

6.  Being forced out has left me homeless and without access to medical support that I urgently need. I am experiencing extreme stress and fear for my health and safety.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

September 16, 2025

By: _____
Elton Spain

Docusign Envelope ID: D112B9E4-DE7C-4495-A4TD-54266159729C

Daniel L. Nelson (SBN
Daryl G. Crouse (SBN 296385)
daryl@dlnelsonlaw.com
LAW OFFICE OF DANIEL L. NELSON
13144 Prairie Ave.
Hawthorne, CA 90250
(310) 641-8300

Attorney for Plaintiff
Elton Spain

## IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| ELTON SPAIN | Case No. 25LBCV02555 |
| Plaintiff, | |
| v. | **Declaration of Counsel, Daryl G. Crouse** |
| ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORATION, DEBY WOLFORD, JOHN SIMMONS; and DOES 1 – 10, inclusive. | |
| Defendants. | |

I, Daryl G. Crouse, declare as follows:

1. I am an attorney licensed to practice law in California and counsel of record for Plaintiff, Elton Spain, in this matter. I make this declaration in support of Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction.

2. On September 15, 2025, Defendant Encompass Housing forced Plaintiff from its recuperative care facility with less than one hour's notice, without serving any written notice of termination, without providing access to a grievance process, and without seeking relief from any court. Plaintiff was transported by Uber to a shelter with no available beds and was left unsheltered.

3. Defendant has claimed that Plaintiff intentionally destroyed property by using a bathroom near his room. According to Plaintiff, there were no signs or warnings posted that the bathroom was under repair. Because of his mobility disability, he could not reasonably be expected to walk a

1

longer distance to another bathroom. His conduct was not intentional destruction but a necessity arising from his disability.

4. Based on my review, Defendant's conduct violated California Civil Code §§ 789.3 and 1954.10 et seq., which prohibit self-help evictions, and federal and state fair housing laws that protect disabled tenants. In addition, information from Plaintiff indicates the facility houses approximately forty residents but has only two toilets and two showers. The California Plumbing Code requires far more fixtures for this population. These deficiencies raise serious health and safety concerns.

5. I gave notice of this application to Defendant on September 18, 2025 by telephone, advising them of the date and time of the ex parte hearing and the relief sought.

6. Immediate injunctive relief is necessary to restore Plaintiff to possession of his residence and prevent further unlawful and discriminatory conduct. Without Court intervention, Plaintiff will remain homeless and at risk of irreparable harm.

7. I have kept contemporaneous time records of the work performed in connection with this matter. To date, I have reasonably expended approximately ten (10) hours preparing this ex parte application, supporting declarations, the memorandum of points and authorities, and proposed orders. My hourly rate is $650 per hour, which is consistent with prevailing rates for attorneys of similar experience in Los Angeles County handling civil rights and housing litigation.

8. The total lodestar amount for these services is $6,500 (10 hours × $650 per hour). Given the urgency of this matter and the need to prepare multiple pleadings and supporting materials on an emergency basis, the time expended was necessary and reasonable.

//

//

//

//

9. I reserve the right to submit supplemental declarations documenting additional time and costs incurred in connection with this matter, including any subsequent hearings or enforcement proceedings.

September 16, 2025                   **THE LAW OFFICE OF DANIEL L. NELSON**


By: _____
Daryl Glenn Crouse, Esq.
*Attorney for Plaintiff,* Elton Spain

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

ELTON SPAIN

    Plaintiff,

    v.

ENCOMPASS HOUSING, A CALIFORNIA
NONPROFIT CORPORATION, DEBY
WOLFORD, JOHN SIMMONS; and DOES 1 – 10,
inclusive.

    Defendants.

Case No. 25LBCV02555

**[PROPOSED] ORDER**

The Court, having considered Plaintiff's Ex Parte Application for Temporary Restraining Order and Order to Show Cause re Preliminary Injunction, the supporting declarations, and all evidence presented, finds as follows:

1. Plaintiff has demonstrated a likelihood of success on the merits. On September 15, 2025, Defendant forced Plaintiff from its recuperative care facility with less than one hour's notice, without written notice, grievance procedure, or court order, in violation of California Civil Code sections 789.3 and 1954.10 et seq. Defendant further accused Plaintiff of intentionally destroying property after he used a bathroom near his room, even though there were no signs or warnings indicating that the bathroom was closed or under repair. Plaintiff's use of the closer bathroom was directly related to his mobility disability.

2. Defendant's actions constitute unlawful self-help eviction and unlawful disability discrimination under the Fair Housing Act (42 U.S.C. § 3601 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and California's Fair Employment and Housing Act (Gov. Code § 12900 et seq.).

3. The Court further finds that Defendant's facility is out of compliance with minimum health and safety standards. The evidence shows that Defendant houses approximately forty residents in a co-ed program but provides only two toilets and two showers. The California Plumbing Code Table 422.1 requires far more facilities for this number of occupants. This deficiency renders the

premises uninhabitable under Civil Code section 1941.1 and places residents, including Plaintiff, at risk of harm.

4. Plaintiff has established irreparable harm. Defendant's actions have already left Plaintiff homeless and without access to the medical and supportive services he requires. Each day he remains without stable housing threatens his health and safety.

5. The balance of hardships favors Plaintiff, who faces homelessness and health deterioration. Defendant suffers no comparable hardship from maintaining Plaintiff's housing until lawful proceedings occur. The public interest also supports the requested relief, ensuring compliance with fair housing laws, disability protections, and building safety standards.

6. Plaintiff has further demonstrated entitlement to attorney's fees under Civil Code section 789.3, the Fair Housing Act, and FEHA. Plaintiff's counsel has reasonably expended ten (10) hours at a rate of $650 per hour in preparing and presenting this application, for a total of $6,500.

Accordingly, IT IS HEREBY ORDERED:

A. Defendant Encompass Housing Program, and its officers, employees, and agents, are immediately restrained and enjoined from evicting, excluding, or otherwise interfering with Plaintiff's tenancy at the facility located at [address], except through lawful court process.

B. Defendants shall immediately restore Plaintiff to possession of his housing unit and allow him continued residency pending further order of this Court.

C. Defendants shall appear on _____ in Department _____ of this Court to show cause why a preliminary injunction should not issue continuing this relief pending trial.

D. Defendants shall pay Plaintiff's counsel $6,500 in attorney's fees incurred in connection with this application.

IT IS SO ORDERED.


Dated: 9/16/2025 _____

**CALIFORNIA STATE COURT PROOF OF SERVICE**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

*Spain v. Encompass Housing, et al.*

Case No.: 25LBCV02555

At the time of service, I was over 18 years of age and not a party to this action. My business address is 13804 Arcturus Ave., Gardena, CA 90249.

On September 16, 2025, I served true copies of the following document(s):

**1) Ex Parte Application, Memorandum, Declarations, Proposed Order**

I served the documents on the following persons at the following addresses:

| Name | Email Address | Counsel For |
|------|--------------|-------------|

Deby Wolford Encompass Hosuing John Simmons

2900 S. Harbor Blvd, Suite 100, Santa Ana, CA 92704

The documents were personally served. I caused the documents to be handed directly to the aove person at the address listed above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 16, 2025, at Los Angeles, California.

_____
Daryl G. Crouse

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Governor George Deukmejian Courthouse
275 Magnolia Ave, Long Beach, CA 90802

PLAINTIFF:
Elton Spain

DEFENDANT:
ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPOR

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

09/18/2025

David W. Slayton, Executive Officer / Clerk of Court

By: _____ J. Ballesteros _____ Deputy

CASE NUMBER:
25LBCV02555

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| | | |
|---|---|---|
| Date: 02/17/2026 | Time: 8:30 AM | Dept.: S25 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 09/18/2025

_____
Judicial Officer
Nicole M. Heeseman / Judge

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in ___Long Beach___, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Daryl Glenn Crouse
13144 Prairie Ave
Hawthorne, CA 90250

David W. Slayton, Executive Officer / Clerk of Court

By _____ J. Ballesteros _____
Deputy Clerk

Dated: 09/18/2025

LASC LACIV 132 Rev. 01/23
For Optional Use

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

**FW-003**

## Order on Court Fee Waiver (Superior Court)

Clerk stamps date here when form is filed.

**FILED**
Superior Court of California
County of Los Angeles
09/18/2025
David W. Slayton, Executive Officer / Clerk of Court
By: _____ J. Ballesteros _____ Deputy

**① Person who asked the court to waive court fees:**

Name: Elton Spain

Street or mailing address: _____

City: _____ State: _____ Zip: _____

**② Lawyer, if person in ① has one** *(name, firm name, address, phone number, e-mail, and State Bar number):*

Daryl Glenn Crouse

13144 Prairie Ave Hawthorne, CA  90250

(310)641-8300

litigation@dlnelsonlaw.com

296385

**③** A request to waive court fees was filed on *(date):* 09/17/2025

☐ The court made a previous fee waiver order in this case  on *(date):*

_____

*Read this form carefully. All checked boxes ☑ are court orders.*

Fill in court name and street address:

**Superior Court of California, County of Los Angeles**

Governor George Deukmejian Cour
275 Magnolia Ave
Long Beach, CA 90802

Fill in case number and name:

**Case Number:**
25LBCV02555

**Case Name:**
ELTON SPAIN vs ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORATION, et al.

**Notice:** The court may order you to answer questions about your finances and later order you to pay back the waived fees. If this happens and you do not pay, the court can make you pay the fees and also charge you collection fees. If there is a change in your financial circumstances during this case that increases your ability to pay fees and costs, you must notify the trial court within five days. (Use form FW-010.) If you win your case, the trial court may order the other side to pay the fees. If you settle your civil case for **$10,000** or more, the trial court will have a lien on the settlement in the amount of the waived fees. The trial court may not dismiss the case until the lien is paid.

**④** After reviewing your*:*  ☑ *Request to Waive Court Fees*  ☐ *Request to Waive Additional Court Fees*
**the court makes the following orders:**

a. ☑ The court **grant**s your request, as follows:

(1) ☑ **Fee Waiver.** The court grants your request and waives your court fees and costs listed below. *(Cal. Rules of Court, rules 3.55 and 8.818.)* You do not have to pay the court fees for the following:

• Filing papers in superior court
• Making copies and certifying copies
• Sheriff's fee to give notice
• Court fee for phone hearing
• Giving notice and certificates
• Sending papers to another court department
• Reporter's fee for attendance at hearing or trial, if the court is not electronically recording the proceeding and you request that the court provide an official reporter
• Assessment for court investigations under Probate Code section 1513, 1826, or 1851
• Preparing, certifying, copying, and sending the clerk's transcript on appeal
• Holding in trust the deposit for a reporter's transcript on appeal under rule 8.130 or 8.834
• Making a transcript or copy of an official electronic recording under rule 8.835

(2) ☐ **Additional Fee Waiver.** The court grants your request and waives your additional superior court fees and costs that are checked below. *(Cal. Rules of Court, rule 3.56.)* You do not have to pay for the checked items.

☐ Jury fees and expenses
☐ Fees for court-appointed experts
☐ Other *(specify):* _____
☐ Fees for a peace officer to testify in court
☐ Court-appointed interpreter fees for a witness

Judicial Council of California, www.courts.ca.gov
Revised September 1, 2019, Mandatory Form
Government Code, § 68634(e)
Cal. Rules of Court, rule 3.52

**Order on Court Fee Waiver (Superior Court)**

**FW-003**, Page 1 of 3

Your name: Elton Spain

Case Number:
25LBCV02555

b. ☐ The court **denies** your fee waiver request because:

| **Warning!** If you miss the deadline below, the court cannot process your request for hearing or the court papers you filed with your original request. If the papers were a notice of appeal, the appeal may be dismissed. |
|---|

(1) Your request is incomplete. You have **10 days** after the clerk gives notice of this Order (see date of service ☐ on next page) to:

- Pay your fees and costs, or
- File a new revised request that includes the incomplete items listed:
  ☐ Below    ☐ On Attachment 4b(1)

_____
_____
_____
_____

(2) ☐ The information you provided on the request shows that you are not eligible for the fee waiver you requested for the reasons stated: ☐ Below    ☐ On Attachment 4b(2)

_____
_____
_____
_____
_____

The court has enclosed a blank *Request for Hearing About Court Fee Waiver Order (Superior Court)* (form FW-006).You have **10 days** after the clerk gives notice of this order (see date of service below) to:
- Pay your fees and costs in full or the amount listed in c below, or
- Ask for a hearing in order to show the court more information. *(Use form FW-006 to request hearing.)*

c. (1) ☐ The court needs more information to decide whether to grant your request. You must go to court on the date on page 3. The hearing will be about the questions regarding your eligibility that are stated:
  ☐ Below    ☐ On Attachment 4c(1)

_____
_____
_____
_____

(2) ☐ Bring the items of proof to support your request, if reasonably available, that are listed:
  ☐ Below    ☐ On Attachment 4c(2)

_____
_____
_____
_____
_____
_____

**This is a Court Order.**

Your name: Elton Spain

| Case Number: |
| --- |
| 25LBCV02555 |

Name and address of court if different from above:

**Hearing Date** → Date: _____ Time: _____

Dept.: _____ Room: _____

_____
_____
_____
_____

**Warning!** If item c(1) is checked, and you do not go to court on your hearing date, the judge will deny your request to waive court fees, and you will have 10 days to pay your fees. If you miss that deadline, the court cannot process the court papers you filed with your request. If the papers were a notice of appeal, the appeal may be dismissed.

*David W. Slayton, Executive Officer / Clerk of Court*

Date: 09/18/2025 _____

J. Ballesteros

*Signature of (check one):* ☐ *Judicial Officer* ☑ *Clerk, Deputy*

## Request for Accommodations

Assistive listening systems, computer-assisted real-time captioning, or sign language interpreter services are available if you ask at least five days before the hearing. Contact the clerk's office for *Request for Accommodations by Persons With Disabilities and Response* (form MC-410). (Civ. Code, § 54.8.)

## Clerk's Certificate of Service

I certify that I am not involved in this case and *(check one)*:

☐ I handed a copy of this Order to the party and attorney, if any, listed in ① and ②, at the court, on the date below.

☐ This order was mailed first class, postage paid, to the party and attorney, if any, at the addresses listed in ① and ②, from *(city):* Long Beach _____, California, on the date below.

☐ A certificate of mailing is attached.

Date: 09/18/2025 _____

David W. Slayton, Executive Officer / Clerk of Court

Clerk, by J. Ballesteros _____, Deputy
Name:

**This is a Court Order.**

**CLERK'S CERTIFICATE OF ELECTRONIC SERVICE ON FEE WAIVER ORDER**

I certify that I am not a party to this cause and that the document: FW-003 - Order on Court Fee Waiver (Superior Court), has been transmitted electronically by the Los Angeles Superior Court from Long Beach, CA to the electronic service provider that submitted the transaction. The transmission originated from Los Angeles Superior Court on 09/18/2025 at 10:21:46 AM PDT. The electronically transmitted document(s) is in accordance with Rule 2.251 of the California Rules of Court.  The list of electronically served recipient(s) are listed below:

Party: Elton Spain

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Daniel L Nelson (SBN 14670) Daryl G. Crouse (SBN 296385)<br>13144 Prairie Ave<br>Hawthorne, CA 90250<br><br>TELEPHONE NO.: 310-641-8300    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* LITIGATION@DLNELSONLAW.COM<br>ATTORNEY FOR *(Name):* Elton Spain | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/19/2025 10:57 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Barajas, Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES**
STREET ADDRESS: **275 Magnolia**
MAILING ADDRESS:
CITY AND ZIP CODE: **Long Beach, 90802**
BRANCH NAME: **Governor George Deukmejian**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Elton Spain<br><br>DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons,<br>DOES 1 - 10, inclusive | CASE NUMBER: |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* ex parte

3. a. Party served *(specify name of party as shown on documents served):* Encompass Housing

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Front Desk Attendant "Kevin"

4. Address where the party was served: 2900 South Harbor Suite 100 Santa Ana, CA

5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 9-17-25   (2) at (time): 3:30 P.M.
   b. ☐ **by substituted service.** On (date):_____ at (time):_____ I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

   (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):_____ from (city):_____ or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |

| PLAINTIFF/PETITIONER: Spain | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing | |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Encompass Housing
    under the following Code of Civil Procedure section:

| | | |
|---|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) | |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) | |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) | |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) | |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) | |
| | ☐ other: | |

7.  **Person who served papers**
  a. Name: Brandon Scott McCrory
  b. Address: 13804 Arctares Ave Gardena CA
  c. Telephone number: 989-289-2202
  d. **The fee for service was:** $75.00
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server:
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii) Registration No.:
      (iii) County:

8.  ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date:

Brandon Scott McCrory
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Daniel L Nelson (SBN 14670) Daryl G. Crouse (SBN 296385)<br>13144 Prairie Ave<br>Hawthorne, CA 90250<br><br>TELEPHONE NO.: 310-641-8300　　FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*: LITIGATION@DLNELSONLAW.COM<br>ATTORNEY FOR *(Name)*: Elton Spain | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/19/2025 10:57 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Barajas, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES** |
|---|
| STREET ADDRESS: 275 Magnolia |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: Long Beach, 90802 |
| BRANCH NAME: Governor George Deukmejian |

| PLAINTIFF/PETITIONER: Elton Spain | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons,<br>DOES 1 - 10, inclusive | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents)*: ex parte

3. a. Party served *(specify name of party as shown on documents served)*: Deby Wolford

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
   Front Desk Attendant, named "Kevin",
4. Address where the party was served:
   2900 South Harbor Blvd Santa Ana, CA Suite 100.
5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: 9-17-25　(2) at *(time)*: 3:30 P.M.
   b. ☐ **by substituted service.** On *(date)*:　　at *(time)*:　　I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:　　from *(city)*:　　or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

| PLAINTIFF/PETITIONER: Spain | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing | |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

　　　　(1) on *(date):*　　　　　　　　　　　　　　　(2) from *(city):*

　　　　(3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

　　　　(4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

　　d.  ☐  **by other means** *(specify means of service and authorizing code section):*

　　　　☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
　　a.  ☒  as an individual defendant.
　　b.  ☐  as the person sued under the fictitious name of *(specify):*
　　c.  ☐  as occupant.
　　d.  ☒  On behalf of *(specify):* Encompass Housing
　　　　under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒  416.10 (corporation) | ☐  415.95 (business organization, form unknown) |
| ☐  416.20 (defunct corporation) | ☐  416.60 (minor) |
| ☐  416.30 (joint stock company/association) | ☐  416.70 (ward or conservatee) |
| ☐  416.40 (association or partnership) | ☐  416.90 (authorized person) |
| ☐  416.50 (public entity) | ☐  415.46 (occupant) |
| | ☐  other: |

7.  **Person who served papers**
　　a.  Name: Branden Scott McCrory
　　b.  Address: 13804 Archaius Ave. Gardena, CA
　　c.  Telephone number: 929-289-2202
　　d.  **The fee for service was:** $75.00
　　e.  I am:
　　　　(1)  ☐  not a registered California process server.
　　　　(2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
　　　　(3)  ☐  a registered California process server:
　　　　　　(i)  ☐  owner  ☐  employee  ☐  independent contractor.
　　　　　　(ii)  Registration No.:
　　　　　　(iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

　　or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9-17-25

_Branden Scott McCrory_
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)　　　　　　　　　　　　　► _____ (SIGNATURE)

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Daniel L Nelson (SBN 14670) Daryl G. Crouse (SBN 296385)<br>13144 Prairie Ave<br>Hawthorne, CA 90250<br><br>TELEPHONE NO.: 310-641-8300   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* LITIGATION@DLNELSONLAW.COM<br>ATTORNEY FOR *(Name):* Elton Spain | **FOR COURT USE ONLY**<br><br>Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>9/19/2025 10:57 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By A. Barajas, Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 275 Magnolia
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, 90802
BRANCH NAME: Governor George Deukmejian

| | |
|---|---|
| PLAINTIFF/PETITIONER: Elton Spain<br><br>DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons, DOES 1 - 10, inclusive | CASE NUMBER: |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* ex parte

3. a. Party served *(specify name of party as shown on documents served):* John Simmons

   b. ☒ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Female, 45 - 55 yrs., 5'10", Dark Hair, nurse, marcon scrubs, White
4. Address where the party was served:
   4111 East Wilton St Long Beach, CA
5. I served the party (check proper box)
   a. ☒ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 9-17-25   (2) at *(time):* 4:45 p.m.
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Spain | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing | |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*        (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☒ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify):* Encompass Housing
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Brandon Scott McCrory
  b.  Address: 13 804 Arthras Ave. Gardena, CA 90249
  c.  Telephone number: 929-289-2202
  d.  **The fee** for service was: $75.00
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☐ a registered California process server.
      (i) ☐ owner ☐ employee ☐ independent contractor.
      (ii)  Registration No.:
      (iii)  County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 9-17-25

Brandon Scott McCrory
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶              (SIGNATURE)

1  MESSNER REEVES LLP
   Kathleen Carter (SBN 157790)
2  Heather E. Stern (SBN 217447)
   611 Anton Boulevard, Suite 450
3  Costa Mesa, California 92626
   Telephone:  (949) 612-9128
4  Facsimile:  (949) 438-2304
   Email:      kcarter@messner.com
5              hstern@messner.com

6  Specially appearing for Defendants
   ENCOMPASS HOUSING, DEBY WOLFORD,
7  and JOHN SIMMONS

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Hernandez, Deputy Clerk

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10             COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12 ELTON SPAIN,                          Case No. 25LBCV02555

13          Plaintiff,                   OPPOSITION OF ENCOMPASS
                                         HOUSING, DEBY WOLFORD, AND
14     v.                                JOHN SIMMONS, TO EX PARTE
                                         APPLICATION FOR TEMPORARY
15 ENCOMPASS HOUSING, A CALIFORNIA       RESTRAINING ORDER AND ORDER TO
   NONPROFIT CORPORATION; DEBY           SHOW CAUSE RE: PRELIMINARY
16 WOLFORD; JOHN SIMMONS; and DOES 1-    INJUNCTION
   10, inclusive,
17                                       [Filed concurrently with Declaration of Jade
            Defendants.                  Smith; and Declaration of Angela Arcaro]
18
                                         Date: Sept. 22, 2025
19                                       Time: 8:30 a.m.
                                         Dept.: S25
20

21         Defendants Encompass Housing, Deby Wolford, and John Simmons ("Defendant") hereby

22 specially appear and respectfully submits this opposition to the ex parte application of plaintiff

23 Elton Spain ("Plaintiff") for temporary restraining order and setting of an order to show cause

24 regarding issuance of a preliminary injunction (the "Application").

25 I.     INTRODUCTION

26         Plaintiff's Application is legally and factually without merit and should be denied.

27 Plaintiff was discharged from a recuperative care facility run by Encompass Housing, based on his

28 violation of program rules and property damage.  Plaintiff further engaged in abusive and

---

**OPP. TO TRO**

harassing conduct toward staff.  There is no good cause for a mandatory injunction to force Encompass Housing to re-admit him under these circumstances.  Moreover, the referral from third party L.A. Care, to Encompass Housing, for Plaintiff's recuperative care, has expired, so there is no longer any active referral that would authorize payment for his placement at Encompass Housing even if the circumstances otherwise permitted it (which they do not).  This is not a landlord-tenant matter, nor is this recuperative care facility a transitional housing facility, and the law cited by the Plaintiff does not apply nor authorize the relief sought.

## II.     FACTUAL BACKGROUND

Encompass Housing operates a recuperative care facility.  *See* Declaration of Jade Smith ("Smith Decl.") ¶ 3.

From August 29, 2025 to September 15, 2025, Plaintiff was at the recuperative care facility for recuperative care, under a referral from L.A. Care which was paying Encompass Housing for the recuperative care provided to Plaintiff.  Smith Decl. ¶¶ 3-6.

Plaintiff's admittance to the facility was governed by a Consent to Services agreement that expressly stated that either party may terminate services at any time, for any reason, with or without cause.  Smith Decl. ¶¶ 3-4, Exh. 1.

Plaintiff's admittance to the facility was further governed by an Admission Agreement & Compliance Contract, in which he was expressly informed, and agreed, that his participation in the recuperative care program was dependent on his compliance with certain rules.  Smith Decl. ¶¶ 3, 5, Exh. 2.  Among other things, the rules prohibit abusive behavior, aggressive behavior, and the possession of alcohol of any kind on premises.  *Id*.

On September 15, 2025, Plaintiff damaged the facility by breaking into a secured door to a bathroom that had been closed shut via a metal plate attached via four screws.  Smith Decl. ¶ 6; Declaration of Angela Arcaro ("Arcaro Decl") ¶¶ 5-8, Exh. 2.  He knew he was not supposed to damage the metal plate to access the bathroom.  Not only was it obvious that the door was secured shut but there was also a blue masking tape across the door that said "Out of Order Eng Leak". Arcaro Decl. ¶ 6, Exh. 1.  The reason why the bathroom was off limits and secured against access, was because plumbing repair work was ongoing at the time, and any use of the toilet or sink would

1  cause water to cascade down below through the "open" pipes that were being worked on

2  temporarily.  Arcaro Decl. ¶ 6.  Indeed, on September 15, 2025, after he damaged the facility

3  through his unauthorized destruction of the metal plate to access the bathroom that was off limits,

4  he used the bathroom several times, and caused urine to leak down into the administrative offices

5  below.  Arcaro Decl. ¶ 6.

6      When staff investigated, they not only found property damage, but they also found stashed

7  empty bottles of alcohol – in violation of program rules.  Arcaro Decl. ¶ 8, Exh. 3.

8      Encompass Housing informed Plaintiff he was being discharged based on his property

9  damage and violation of the rules against alcohol, and then Plaintiff harassed, threatened, and

10  abused the staff repeatedly.  Arcaro Decl. ¶ 11; Smith Decl. ¶ 6.

11      At the time of his discharge, Encompass Housing called ahead to Union Rescue Mission to

12  confirm a bed would be available for him, and then arranged for and paid for a Lyft to take him to

13  Union Rescue Mission.  Arcaro Decl. ¶ 9.  On his own, Plaintiff instructed the driver to take him

14  to a bus stop instead, and then had his case worker at a different non-profit, Ascencia, send him by

15  Uber to a motel for the night.  Arcaro Decl. ¶ 11; Smith Decl. ¶ 8.

16      Even if Encompass Housing were willing to take Plaintiff back – which it is not, due to his

17  violation of program rules, property damage, and abusive of staff and threatening behavior – there

18  is no longer any active referral for Plaintiff's care.  Smith Decl. ¶ 9.  Plaintiff has been discharged

19  from Encompass Housing's recuperative facility for more than 72 hours, and as such, the referral

20  from L.A. Care is no longer operative.  *Id*.  As a result, there is no longer any authorization for

21  payment for recuperative care by Encompass Housing to Plaintiff.  *Id*.

22      Plaintiff purports to argue Encompass Housing should have to take him back based on a

23  notion he was unlawfully evicted.  However, Encompass Housing is a recuperative care facility,

24  not a transitional housing facility, and he was not a tenant.  Smith Decl. ¶¶ 10-11.  Incongruently,

25  he also complains about the availability of restrooms at the facility, but his allegations about the

26  available bathrooms are untrue.  *Id*.

27  //

28  //

## III.    PLAINTIFF'S EX PARTE APPLICATION SHOULD BE DENIED

### A.    Applicable Law

Injunctions may be classified as either prohibitory or mandatory.  "[A]n injunction is prohibitory if it requires a person to refrain from a particular act and **mandatory** if it compels performance of an affirmative act that changes the position of the parties." *Davenport v. Blue Cross of Calif.* (1997) 52 Cal.App.4th 435, 446-448 (emphasis added).  An injunction "prohibiting" certain conduct will be construed as a mandatory injunction if it requires affirmative action that changes the status quo.  *Agricultural Labor Relations Bd. v. Sup. Ct.* (1983) 149 Cal.App.3d 709, 713 (injunction restraining employer from "refusing to reinstate" certain workers was actually mandatory injunction compelling employer to rehire).

"The granting of a mandatory injunction pending trial is **not permitted** except in **extreme** cases where the right thereto is clearly established." *Teachers Ins. & Annuity Ass'n v. Furlotti* (1999) 70 Cal.App.4th 1487, 1493 (emphasis added).

In general, an injunction **cannot be granted to prevent breach of a contract** that is not specifically enforceable.  Code Civ. Proc. § 526(b)(5).

### B.    Plaintiff's Application Lacks Any Legal or Factual Basis

Here, there is no dispute that Plaintiff has already been discharged from the recuperative care facility.  Accordingly, regardless of label, the relief he seeks here – namely, to force Encompass Housing to take him back into the care facility where he has already been discharged – is a mandatory injunction.  As such, he must show a clearly established right, in order for the extreme case of a mandatory injunction to issue.

Plaintiff cannot show any such extreme case.  First, Plaintiff is effectively trying to enforce Encompass Housing to perform under a contract, which is not a proper subject for injunctive relief.  Code Civ. Proc. § 526(b)(5).  Second, there is no good cause for forcing Encompass Housing to take Plaintiff back into the facility.  Plaintiff violated the program rules, caused property damage, and abused and threatened staff.  Arcaro Decl. ¶¶ 3-11;Smith Decl. ¶¶ 6-9.

Third, the referral from non-party L.A. Care—pursuant to which Encompass Housing was providing recuperative care to Plaintiff—is <u>no longer active</u>.  Plaintiff's Application fails to

address this point and does not name an indispensable party–namely, L.A. Care–since what Plaintiff is seeking appears to be an order that would force Encompass Housing to re-admit him and house him at the facility at no cost to himself.  L.A. Care was previously funding his stay, but that referral is <u>not active</u> since it has been more than 72 hours since his discharge, and therefore there is no longer any authorization for his care.  Smith Decl. ¶ 9.  Based on this, the circumstances have changed and it is no longer possible for Encompass Housing to re-admit him under the same referral that existed.

Further, any order forcing Encompass Housing to take back Plaintiff under these circumstances would be contrary to public policy.  While housing is an admirable goal, it is likewise important that those for whom housing is provided comply with rules that are designed for the safety and peace of all.  Allowing a participant like this back into the facility when he has demonstrated his non-compliance would be to the detriment of others at the facility who do comply with the rules and would disturb staff, given his harassment and threats and abuse to the staff.  It would further have a "chilling effect" on Encompass Housing's ability to enforce the rules as to all of the other program participants, given that Plaintiff's conduct was observed by others.

Plaintiff's Application accuses Encompass Housing of violating "California landlord-tenant law" but there was no landlord-tenant relationship.  Plaintiff did not have a lease, he did not pay rent, and he was not a tenant.  Smith Decl., Exhs. 1 & 2.  He did not have the right to possess the room to the exclusion of others.  *Danger Panda, LLC v. Launiu* (2017) 10 Cal.App.5th 502, 513 ("an occupant of a rental unit who does not have the right to exclusive possession and the concomitant obligation to pay rent does not meet the generally accepted common law definition of a tenant"); *Spinks v. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004, 1040 ("One key characteristic that distinguishes a tenancy from a mere license is the right to exclusive possession as against the whole world, including the landowner."); *640 Octavia, LLC v. Pieper* (2023) 93 Cal.App.5th 1181, 1195 ("A tenant must also pay rent.").  *See also California Practice Guide-Landlord Tenant*, Ch. 2A-3, at § 2:28 ("Except as otherwise provided by statute, a proprietor need not resort to unlawful detainer procedures to evict a lodger. Indeed, a lodger who breaches their contract with the proprietor is a trespasser and may be ousted without prior

1   notice.").  This was a recuperative care facility where no rent was paid and no lease existed, and as

2   Plaintiff expressly acknowledged in his intake paperwork, the services provided could be

3   terminated at any point in time by either party for any reason.  Accordingly, eviction procedures

4   did not apply.

5        Plaintiff's Application accuses Encompass Housing of operating a facility that had

6   insufficient bathrooms.  This is not true, but in any event, it does not show any basis for forcing

7   Encompass Housing to take this Plaintiff back into the facility—if anything, any such accusation

8   would arguably require the opposite.  Smith Decl. ¶ 11.

9        Plaintiff's Application accuses Encompass Housing of discrimination.  There is no

10  discrimination here.  Encompass Housing discharged Plaintiff for good cause having nothing to do

11  with any disability, and pursuant to its rights under the applicable contracts.  Arcaro Decl. ¶¶ 3-

12  11;Smith Decl. ¶¶ 6-9.

13       Plaintiff's Application claims Plaintiff will suffer irreparable harm.  This is not supported.

14  As the facts show, Encompass Housing arranged for a bed for Plaintiff at Union Rescue Mission.

15  Plaintiff chose not to go there and instead made arrangements through Ascencia to be housed at a

16  motel.  Arcaro Decl. ¶ 11;Smith Decl. ¶ 8.

17       Plaintiff's Application accuses Encompass Housing of violating Civil Code Section 789.3

18  which prohibits self-help evictions.  This Civil Code section has no applicability here because, as

19  explained above, this was not a landlord-tenant relationship.  Smith Decl., Exhs. 1, 2.

20       Plaintiff also argues that the "Transitional Housing Participant Misconduct Act (Civil Code

21  1954.10 et seq.) requires written notice and a judicial order before a participant may be removed

22  for alleged misconduct."  This has no basis in the actual statute and is a gross misstatement of the

23  law.  On its plain face, the statute only applies to a transitional housing program operator, not to a

24  recuperative care facility like Encompass Housing.  Encompass Housing's recuperative care

25  facility is not a transitional housing provider because it does not assist homeless persons in

26  obtaining skills for independent living and does not offer comprehensive social service programs.

27  Civ. Code § 1954.12(g) (defining transitional housing program as "any program which is designed

28  to assist homeless persons in obtaining skills necessary for independent living in permanent

1   housing" and which offers comprehensive social service programs); Smith Decl. ¶ 11.  Further,

2   according to his intake papers, Plaintiff was not homeless before he came to Encompass Housing,

3   so this statute does not apply for this reason as well.  Civ. Code § 1954.12(b); Smith Decl. ¶ 11.

4   Further, this statute does not apply because this is _not_ a situation where _Encompass Housing_ is

5   applying for a TRO; rather, _Plaintiff_ is the one applying for a mandatory injunction, and the plain

6   language of the statute does not govern in these circumstances.  Civ. Code § 1954.13 (discussing

7   circumstances wherein a _program operator_ may seek a TRO).

8       Plaintiff argues he is suffering irreparable harm.  However, Union Rescue Mission had a

9   bed for him.  He just chose not to go there.  Further, he was able to make arrangements through

10  Ascencia to be housed at a motel the night he was discharged.  Plaintiff has failed to show that

11  there are no other places he could stay or indeed has stayed, other than at the facility operated by

12  Encompass Housing.  Even at Encompass Housing, the referral from L.A. Care only ever

13  authorized short term recuperative care for up to 90 days so he was always going to have to go

14  elsewhere in the short term.  Smith Decl. ¶ 3.  Thus, there is no irreparable harm.  Moreover,

15  irreparable harm alone is not enough for injunctive relief, let alone the extreme of a mandatory

16  injunction.  Plaintiff must also be able to show a right to the relief sought, which he has not done

17  and cannot do here.

18  Plaintiff tries to characterize this as disability discrimination in order to seek attorneys' fees but

19  this is inapplicable.  There was no discrimination on the basis of disability.  Encompass Housing

20  acted lawfully to block access to a restroom while plumbing repairs were ongoing, and then acted

21  lawfully to discharge Plaintiff when he flagrantly violated the facility's rules and damaged its

22  property.  Arcaro Decl. ¶¶ 3-11;Smith Decl. ¶¶ 6-9.

23      For all of these reasons, the Application must be denied.

24  DATED:  September 21, 2025                    MESSNER REEVES LLP

25

26                                              _/s/ Heather Stern_
                                                Kathleen Carter
                                                Heather E. Stern
27                                              Specially appearing for Defendants
                                                ENCOMPASS HOUSING, DEBY WOLFORD,
28                                              and JOHN SIMMONS

**<u>PROOF OF SERVICE</u>**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626.

On September 21, 2025, I served true copies of the following document(s) described as **OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address hstern@messner.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 21, 2025.

_/s/ Heather Stern_
Heather Stern

**OPP. TO TRO**

1

**SERVICE LIST**

2   Daniel L. Nelson                          *Attorneys for Plaintiff*
    Daryl G. Crouse
3   LAW OFFICE OF DANIEL L. NELSON
    13144 Prairie Ave.
4   Hawthorne, CA 90250
    Email: daryl@dlnelsonlaw.com
5   T: 310-641-8300

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPP. TO TRO**

MESSNER REEVES LLP
Kathleen Carter (SBN 157790)
Heather E. Stern (SBN 217447)
611 Anton Boulevard, Suite 450
Costa Mesa, California 92626
Telephone: (949) 612-9128
Facsimile: (949) 438-2304
Email:     kcarter@messner.com
           hstern@messner.com

Specially appearing for Defendants
ENCOMPASS HOUSING, DEBY WOLFORD,
and JOHN SIMMONS

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Hernandez, Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| ELTON SPAIN,<br><br>             Plaintiff,<br><br>        v.<br><br>ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORATION; DEBY WOLFORD; JOHN SIMMONS; and DOES 1-10, inclusive,<br><br>             Defendants. | Case No. 25LBCV02555<br><br>**DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**<br><br>Date: 9/22/2025<br>Time: 8:30 a.m.<br>Dept.: S25 |

---

**DECLARATION OF ANGELA ARCARO**

**<u>DECLARATION OF ANGELA ARCARO</u>**

I, Angela Arcaro, declare and state as follows:

1.    I have first-hand knowledge of the facts set forth in my declaration unless stated otherwise and if called to testify could, and would, provide competent testimony thereto.  This declaration is provided in opposition to the ex parte application for a temporary restraining order (the "Application").

2.    I am a Lead Case Manager for Encompass Housing ("Encompass Housing").

3.    During the period from August 29, 2025 to September 15, 2025, I interacted with Elton Spain, in my capacity as Lead Case Manager for Encompass Housing.

4.    During this period of time, Mr. Spain did not comply with the rules of the facility. As one example, the first weekend after he arrived, I found him in an area of the facility that is off limits to clients of the facility such as Mr. Spain.  I verbally warned him that he was not allowed to enter that off limits area.  Yet, shortly thereafter, I found him in the off limits area again, in violation of my instructions to him.  He seemed to be seeking out areas of the facility where he would not be observed.

5.    On September 15, 2025, I was alerted by maintenance that there was a leak into the administrative offices that was originating from Mr. Spain's room.  Upon entry into Mr. Spain's room, I observed that he had physically damaged his room, which is against the rules, and that he had brought alcohol bottles into the facility which is also against the rules.

6.    Specifically, there was a door in his room, that was blocked from any entry, via a metal plate with four screws installed to affix the plate to the door, that physically kept the door from being opened.  The door also had blue masking tape across the front of the door with the words "Out of Order Eng Leak" written on it.  The door was blocked from being used at that time because of plumbing repairs that were ongoing.  Behind the blocked door, there was a toilet and sink, but at that time, there was work being done on the main plumbing line which meant that the plumbing was "open" and anyone who used that bathroom would cause flooding down below. (Mr. Spain had use of an alternate restroom a short distance from his room, off of the lobby.)  Due to the plumbing repairs, the bathroom in Mr. Spain's room was not to be used and he knew this.

**DECLARATION OF ANGELA ARCARO**

7.      Yet, on September 15, 2025, as a result of the leak that was discovered to be originating from his room, I went into his room and observed that the metal plate with screws had been physically damaged/vandalized in his room so as to pry open the door to the bathroom in his room.  When I confronted him about the property damage, Mr. Spain admitted that he broke through the metal plate with four screws, and used the restroom several times.  While he claimed to me that the door was not securely shut or that there was "only one screw hanging by a thread" this is not true.  The door was securely shut prior to Mr. Spain's stay in that room, and could only have been opened through his vandalism/property damage to the metal plate and screws installed to keep the door securely shut and out of use.  A true and correct copy of a photo depicting how the bathroom was secured shut is attached as Exhibit 1.  (This is a photograph of a different bathroom secured shut, but Mr. Spain's room was secured the same way.)  A true and correct copy of a photo of the damage that was done to Mr. Spain's room is attached as Exhibit 2.

8.      In addition, upon entering the bathroom that had previously been securely shut, I was able to observed that there were several empty bottles of alcohol that had been stashed away there.  At our facility, it is against the rules for alcohol to be brought onto the facility.  When I confronted Mr. Spain about the empty alcohol bottles, he claimed that it did not belong to him and must have belonged to the person who stayed in the room before him.  However, that cannot be true because not only was the bathroom securely shut before Mr. Spain opened it, our rooms are also thoroughly cleaned and sanitized after a client leaves, before the next client is checked in.  Mr. Spain's room was thoroughly cleaned and sanitized before he came to the facility.  There were no empty alcohol bottles in that room before Mr. Spain stayed there.  A true and correct copy of photographs of the empty alcohol bottles found in the bathroom he had pried open is attached as Exhibit 3, and these photographs also show the screws and plate that he had pried open and removed to access the space.

9.      As a result of his property damage and violation of the rules, I informed Mr. Spain that he was not allowed to stay at the facility any longer.  I called the Union Rescue Mission, confirmed there was a bed available there for him, and then I had another staff member arrange for a Lyft to come and pick him up and transport him to the Union Rescue Mission.  Mr. Spain took

1   all of his belongings from his room and exited the facility.  I accompanied him to the lobby and

2   then outside.

3        10.    During these events, Mr. Spain called his lawyer, Daryl Crouse, and put Mr.

4   Crouse on speaker.  Mr. Crouse began asking questions of me and other staff who were assisting

5   me at this time.  As we told Mr. Crouse during that conversation, Mr. Spain had violated the rules

6   of the facility in his physical damage to the room and his bringing alcohol into the facility, and

7   therefore could not stay at the facility any longer.  I also told Mr. Crouse that we were sending Mr.

8   Spain in a Lyft to Union Rescue Mission which had confirmed to me that they had a bed for him.

9   Mr. Crouse asked for my cell phone number, which I gave him, and then he texted me.  A true and

10   correct copy of Mr. Crouse's text to me, and my texts back to him, is attached as Exhibit 4.  I note

11   that even though I said "Uber" in my text messages, it was actually a Lyft that I arranged to bring

12   Mr. Spain to the Union Rescue Mission.

13        11.    As he was leaving the facility, Mr. Spain was escalating the situation with me, with

14   his hands in my face, calling me obscenities and threatening me.  I walked away from him to help

15   de-escalate the situation and avoid any violence but another staff member who assisted him with

16   his belongings heard him tell the Lyft driver to take him to a nearby bus stop and not to the

17   address of the Union Rescue Mission which I had given to staff to program into the trip details

18   when we made the Lyft arrangement.

19       I declare under penalty of perjury under the laws of the State of California that the

20   foregoing is true and correct and that this declaration was executed on September 19, 2025.

21

22   Angela Arcaro (Sep 19, 2025 18:08:25 PDT)

23   Angela Arcaro

24

25

26

27

28

**DECLARATION OF ANGELA ARCARO**

# EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3











# EXHIBIT 4

4:44    📞 7:50



**(562) 341-2541**
Other: (562) 341-2541  External

# (562) 341-2541

Unknown number

This conversation includes people outside of your organization. Some features may not be available.

👤➕ Add contact     🚫 Block number

Monday, Sep 15

👤 **(562) 341-2541**  2:33 PM

Hi this is Daryl Crouse, please let me know when you've been able to secure an alternative placement for Mr Spain.

**AA** **Angela Arcaro**  2:34 PM

He is being transported via Uber to the URM Shelter in Los Angeles

**AA** **Angela Arcaro**  3:16 PM

Unfortunately, the client told the Uber driver to drop him off at the bus stop around the corner.

👤 **(562) 341-2541**  3:21 PM

What about Mr Spains property?

**AA** **Angela Arcaro**  3:38 PM

He took it with him

New message     💬  🖼️  😊

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626.

On September 21, 2025, I served true copies of the following document(s) described as **DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s) to be sent from e-mail address hstern@messner.com to the persons at the e-mail addresses listed in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on September 21, 2025.


*/s/ Heather Stern*
Heather Stern

---

5

**DECLARATION OF ANGELA ARCARO**

1                          **SERVICE LIST**

2    Daniel L. Nelson                          *Attorneys for Plaintiff*
     Daryl G. Crouse
3    LAW OFFICE OF DANIEL L. NELSON
     13144 Prairie Ave.
4    Hawthorne, CA 90250
     Email: daryl@dlnelsonlaw.com
5    T: 310-641-8300

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  MESSNER REEVES LLP
   Kathleen Carter (SBN 157790)
2  Heather E. Stern (SBN 217447)
   611 Anton Boulevard, Suite 450
3  Costa Mesa, California 92626
   Telephone:  (949) 612-9128
4  Facsimile:  (949) 438-2304
   Email:       kcarter@messner.com
5                 hstern@messner.com

6  Specially appearing for Defendants
   ENCOMPASS HOUSING, DEBY WOLFORD,
7  and JOHN SIMMONS

Electronically FILED by
Superior Court of California,
County of Los Angeles
9/22/2025 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By L. Hernandez, Deputy Clerk

8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

11

12  ELTON SPAIN,                          Case No. 25LBCV02555

13              Plaintiff,                 **DECLARATION OF JADE SMITH IN
                                           OPPOSITION TO EX PARTE
14         v.                              APPLICATION FOR TEMPORARY
                                           RESTRAINING ORDER AND ORDER TO
15  ENCOMPASS HOUSING, A CALIFORNIA        SHOW CAUSE RE: PRELIMINARY
    NONPROFIT CORPORATION; DEBY            INJUNCTION**
16  WOLFORD; JOHN SIMMONS; and DOES 1-
    10, inclusive,                         Date:  9/22/2025
17                                         Time:  8:30 a.m.
                Defendants.                Dept.: S25
18

19

20

21         I, Jade Smith, declare and state as follows:

22         1.      I have first-hand knowledge of the facts set forth in my declaration unless stated

23  otherwise and if called to testify could, and would, provide competent testimony thereto.  This

24  declaration is provided in opposition to the ex parte application for a temporary restraining order

25  (the "Application").

26         2.      I am the Director of Recuperative Care and Interim Housing of Encompass

27  Housing ("Encompass Housing"), a California nonprofit public benefit corporation.

28         3.      On or about August 29, 2025, Elton Spain was admitted to Encompass Housing for

---

**DECLARATION OF JADE SMITH**

recuperative care under a referral from L.A. Care. The referral from L.A. Care authorized a stay of up to 90 days, to be paid by L.A. Care, for his recuperative care. To be admitted to Encompass Housing, Mr. Spain was required to and did sign a Consent to Services, a true and correct copy of which is attached as **Exhibit 1**, and an Admission Agreement & Compliance Contract, a true and correct copy of which is attached as **Exhibit 2**. Mr. Spain did not sign any kind of a lease agreement because his short-term stay at Encompass Housing was funded by a third party for his recuperative care services, so that he could have the opportunity to rest, recover, and heal in a safe environment while accessing medical care and other supportive services, and this was not a landlord-tenant relationship and there was no tenancy agreement.

4.      As set forth in Exhibit 1, both Encompass Housing and Mr. Spain expressly agreed that either party may terminate services under the agreement at any time, for any reason, with or without cause.

5.      As set forth in Exhibit 2, Encompass Housing Recuperative Care ("EHRC") has the right to deny services to participants who do not comply with the program rules. Among other rules, abusive behavior toward staff is not tolerated and is considered an automatic revocation of program services; behaviors perceived as aggressive, threatening, and/or disrespectful are not tolerated and can result in revocation of program services; and possession of alcohol or use of alcohol on premises is not permitted.

6.      In my capacity as Director of Recuperative Care and Interim Housing, I have access to the business records of Encompass Housing, which are maintained in the regular course of its business, and which are made at or near the time of the act, condition or event to which they relate. Based upon my review of Encompass Housing's business records, Mr. Spain was discharged on September 15, 2025 for violating program rules regarding alcohol on premises and for damage to property. In addition, during his discharge, he acted in a way that was perceived as threatening and abusive, which is also against program rules. Then, after his discharge, he called the staff at Encompass Housing repeatedly around the hours of midnight and 1:00 a.m. to verbally harass and abuse the staff, calling them obscenities and threatening them repeatedly, disrupting our services to other clients and causing staff to become very upset.

7.      At or around the time of Mr. Spain's discharge, staff called Union Rescue Mission (located at 545 S. San Pedro St., Los Angeles, CA 90013) to confirm that they had a bed available for Mr. Spain before he was discharged, and then arranged for a Lyft (paid for in advance by Encompass Housing) to take Mr. Spain to Union Rescue Mission, which is where he could have sheltered that night, had he allowed the Lyft to take him there. From review of the Encompass Housing Lyft account, however, there is a note on the trip details for this trip that indicates to me that the rider did not go to the original destination. Based on my review of the business records maintained by Encompass Housing relating to this incident, staff reported that Mr. Spain was overheard instructing the Lyft driver to drop him off at the bus stop near the facility, rather than take him to the Union Rescue Mission.

8.      In addition, I am informed and believe, that after he went to the bus stop, Mr. Spain took an Uber to a motel where he spent the night, after his discharge from Encompass Housing. Specifically, Awa Drame, a case worker at Ascencia (a nonprofit organization providing housing and support services for homeless individuals and families) contacted staff at Encompass Housing to discuss Mr. Spain's circumstances, and told staff that she had arranged for an Uber to pick Mr. Spain up at the bus stop on September 15, 2025, and take him to a motel, to be housed that night, via Ascencia.

9.      Based on Mr. Spain's violation of program rules, damage to property, and harassing, threatening and abusive behavior, Encompass Housing is not willing to take Mr. Spain back. Of further note, the relief sought in the Application – namely, for Encompass Housing to continue to provide housing to Mr. Spain notwithstanding his conduct – is simply not available. The original referral/authorization that Encompass Housing received from L.A. Care in relation to Mr. Spain is not active any longer since it has been more than 72 hours since his discharge, and therefore there is no longer any active authorization from L.A. Care that would allow for Encompass Housing to provide recuperative care to Mr. Spain, at no cost to Mr. Spain, via the referral from L.A. Care.

10.    I am informed and believe that in his Application, Mr. Spain describes the Encompass Housing facility where he briefly stayed for recuperative care as a facility that "houses

approximately 40 residents in a co-ed recuperative care program but provides only two toilets and two showers for all residents." This is not true. The vast majority of individuals at the facility have use of a bathroom in their room. There is a small portion of the facility (five rooms in total, each of which can house up to two people), where the individual bathrooms are secured from use currently, due to plumbing repairs that are ongoing. For the individuals staying in this wing, which included Plaintiff—who stayed in a room in this wing, by himself, with no roommate, from August 29, 2025 to September 15, 2025—they have the use of two bathrooms that are a short distance away, off the lobby of the facility, and there are also other available restroom facilities they are allowed to use that are in the other wing of the building which is slightly farther away.

11.    I am further informed and believe that in his Application, Mr. Spain describes the Encompass Housing facility as a transitional housing facility. I do not agree with this description. The Encompass Housing facility is a short term recuperative care facility. It is not designed to assist homeless persons in obtaining skills necessary for independent living in permanent housing. It does not offer comprehensive social service programs. Mr. Spain was not under a contract with Encompass Housing for a transitional housing program. According to the intake documents he provided to Encompass Housing, before he came to Encompass Housing he lived in a house, and was not homeless.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on September 20, 2025.

Jade Smith (Sep 20, 2025 15:11:35 PDT)

Jade Smith

**DECLARATION OF JADE SMITH**

# EXHIBIT 1



## Consent to Services

I hereby provide my informed consent for the receipt of services offered by Encompass Housing. I understand that these services may encompass a wide range of offerings and may vary depending on my individual needs and preferences. This consent agreement serves to outline the general terms and conditions under which services will be provided.

1. **Nature of Services:** I understand that the services provided by Encompass Housing may include, but are not limited to, provision of medical, social, housing and other supportive services aimed at promoting my recovery and well-being.

2. **Confidentiality Authorization:** By signing this agreement, I acknowledge and agree that all information shared during the course of services provided will be treated with strict confidentiality. However, I understand that disclosure may be necessary by law or if there's a potential risk of harm to myself or others. Additionally, I authorize Encompass Housing to disclose my medical records to any participating provider involved in my care. I understand that once information is released, Encompass Housing relinquishes responsibility for its confidentiality, except in cases where actions have already been taken based on the disclosed information.

3. **Records and Documentation:** I acknowledge that Encompass Housing may maintain records and documentation related to the services provided to me. I understand that these records are the property of Encompass Housing and may be subject to legal and ethical standards regarding confidentiality and privacy.

4. **Termination of Services:** I understand that either party may terminate services under this agreement at any time, for any reason, with or without cause. In the event of termination, Encompass Housing will provide reasonable assistance in transitioning services to another provider as needed.

5. **Consent to Services:** I consent to the services provided by Encompass Housing and understand that my active participation and cooperation may be necessary for the successful outcome of these services.



Clients Name:

Clients Signature:

Date:

# EXHIBIT 2



## Recuperative Care
## Admission Agreement & Compliance Contract

The following will outline the limitations and expectations of your stay at Encompass Housing Recuperative Care (EHRC). By initialing and signing this document, I agree to adhere to and abide by the rules and policies of the program.

1. **Admission Agreement-** Encompass's Recuperative Care is a short-term residential care facility that allows individuals the opportunity to rest, recover, and heal in a safe environment while accessing medical care and other supportive services. Participation in the program is voluntary and completion of the program is dependent on compliance.

   ) Client Initials: _____

2. **Activities of Daily Living (ADLs)-** I understand that I am responsible for successfully and independently tending to my ADLs which include but are not limited to; personal hygiene, mobility, dressing, toileting, and eating. Failure to tend to own ADLs may disqualify you for continued EHRC services because of the requirement for a higher level of care.

   \ Client Initials: _____

3. **Right to deny services-** EHRC has the right to deny services to participants who do not comply with the program rules. Should services be denied for noncompliance, clients will be required to pack all belongings and depart the facility to alternate housing arrangements.

   ) Client Initials: _____

4. **Length of Stay-** I understand that my stay is being funded by a third party to receive additional services and connections to social benefits. As a result of there being no lease and no cost to program participants, tenancy rights do not apply. I agree to work with the EHRC staff to identify and establish connections to transition on my assigned discharge date. However, If the options presented by EHRC staff are not accepted, it will be the responsibility of the client to secure housing placement or return to previous living arrangements. I acknowledge that EHRC is not required to provide housing or housing placement after I complete my stay.

   Client Initials: _____

5. **Leaving Site & Daily Curfew-** I understand that I can only leave the site after checking in with EHRC staff to appointments/meetings. When leaving off-site, I will sign out in the appropriate log and sign in upon return. I understand that curfew is at 8:30 pm unless I have prior permission to return past curfew time. I understand that it is my responsibility to contact EHRC staff before 6:30 pm in the case of an anticipated late return.

   Client Initials: _____

6. **Absentee Policy-** I understand that I am expected to be in my bed every night and I understand that if I remain off-site for a total of seventy-two (72) hours at any point in my stay without



notifying EHRC staff of my location, I will have abandoned the program, and my bed will be made available for another. In the event of program abandonment, all belongings will be bagged and placed in storage in accordance with the "Personal Belongings" policy.

Client Initials: _____

7. **Privacy Protection**- To protect the privacy of all clients and staff, photography or video recording is not allowed in, on, or around the premises. Failure to abide by this may result in disciplinary action.

Client Initials: _____

8. **Service/ Care planning**- I understand that my goals and plan will be tailored to my unique medical and social needs. I understand that the services provided may differ from other clients in the program.

Client Initials: _____

9. **Appointments**- I understand that it is required to notify staff at least forty-eight (48) hours before any appointments that I have scheduled. Additionally, I agree to attend all pre-arranged/ scheduled medical and social appointments that have been scheduled by EHRC staff.

Client Initials: _____

10. **Medications**- I understand that it is my responsibility to retrieve my medications daily and I am required to take all of my medications as prescribed. All medications will be kept in the secure "Medication Room" for everyone's safety. Staff can provide me with reminders and adherence tools as needed. I agree to never inappropriately discard, throw away, sell, trade, or give away any of my medications. If at any time there are medications that I would like to refuse to take or to be disposed of, I will inform EHRC staff and they will proceed accordingly. It is my responsibility to bring all new prescriptions to EHRC staff for filing and documenting. If I have any questions about my medications, I am responsible for speaking with the appropriate Medical Coordinator (Nurse).

Client Initials: _____

11. **Medical and Social Case Management**- I understand that counseling sessions are encouraged while at EHRC. I acknowledge that I must be open and willing to meet with my care team at any time during my stay at EHRC. I agree to meet with my care team on the dates and times agreed upon.

Client Initials: _____

12. **Illegal Activity**- I understand that illegal activity and association with illegal activity of any kind will not be tolerated and will be immediately reported to the appropriate law enforcement.

Client Initials: _____

13. **Theft or Inappropriate possession of belongings**- I understand that acquiring another individual's possessions without consent or reasonable justification will be considered stealing and could result in the revocation of program services.



Client Initials: _____

14. **Abusive Behavior**- I understand that abusive behavior, including but not limited to; verbal, emotional, psychological, physical, sexual, and/or financial abuse towards staff or other clients is not tolerated. If you believe you are the victim/ target of abuse or witness another being abused notify EHRC staff immediately. Partaking in such behavior will be considered an automatic revocation of program services.

Client Initials: _____

15. **Aggressive Behaviors**- I understand that any behaviors that are perceived as aggressive, threatening, and/or disrespectful will not be tolerated. Such behaviors towards staff or other clients can result in the revocation of program services.

Client Initials: _____

16. **Smoking**- I understand that smoking or the use of any items that produce smoke in the facility is unauthorized. If I smoke, I will do so in the designated area for smoking. Outdoor ashtrays are provided for the disposal of tobacco waste. Disregarding this policy can result in the revocation of program services.

Client Initials: _____

17. **Drug and Alcohol**- I understand that possession or use of drugs, alcohol, and/or paraphernalia of any kind are not permitted on the premises. If any items identified as drugs, alcohol, and or paraphernalia are found in my possession or belongings, I will be written up and this may compromise my stay at EHRC. Repeated violations will be considered an automatic revocation of program services.

Client Initials: _____

18. **Drug & ETOH Testing**- I understand that I can be drug tested or breathalyzed if there is suspicion of use and I deny using substances. Refusing to comply with requests will be documented and treated as a positive test. A positive drug or alcohol test will result in a written warning and may result in dismissal from the program.

Client Initials: _____

19. **Belongings Search**- I understand staff will perform a detailed search of all belongings upon admission and every time I enter the building after being off-site. I understand a metal detector may be used for these searches as well. Additionally, ongoing and random searches of client belongings in the living areas will be conducted. I understand the searches are for safety and I will comply with all requests from staff. Any refusal may result in disciplinary actions up to but not limited to dismissal from the program.

# enc✦mpass®

Client Initials: _____

20. **Weapons-** I understand that no weapons of any kind are permitted on the property or my person. Any item that is identified as a weapon will be confiscated and may or may not be returned upon transition from the program. Failure to relinquish weapons will result in the revocation of program services.

Client Initials: _____

21. **Visual Safety Checks-** I understand that staff will perform routine safety inspections every four (4) hours throughout the day and night to ensure my safety.

Client Initials: _____

22. **Emergency Service (911) Utilization-** I understand that non-essential 911 calls are not permitted while in the program. I will speak to my Medical Coordinator or EHRC staff first if I feel there is an emergency that requires emergency services. If EHRC staff agrees that the situation requires emergency services they will follow the company's established protocols. If the situation is not an urgent need for 911, I will agree to follow a reasonable plan to have my concerns addressed.

Client Initials: _____

23. **Personal Belongings-** I understand that Encompass' Recuperative Care assumes no liability in the event of any damage to or loss of property while in the program. It is my responsibility to secure all valuable or important items and if required inform EHRC staff of any items you wish to be kept in a secure area that is maintained by staff.

Client Initials: _____

24. **Personal Storage-** I understand that I will be limited to storing any and all personal items neatly in the bedside furniture provided. All items are subject to be inspected, laundered, and treated for parasites throughout my stay in the program. Any items or belongings that I leave behind upon program departure may be stored for up to thirty (14) days, depending on the size and quantity of belongings, and then will be donated/ recycled/ discarded if unclaimed. If necessary, I agree to obtain and pay for additional off-site storage or discard any excess belongings during my stay.

Client Initials: _____

25. **Security Cameras-** I understand that working video cameras are installed throughout the facility and are recording activity in the following areas including but not limited to; Community areas, Dining areas, hallways, staff offices, lobbies, medication room, backyard, all entrances, all exits and the perimeter of the building. No placement of video cameras is in locations in which video surveillance is prohibited by law (such as restrooms, locker rooms, or rooms designated for changing clothes). I understand that EHRC staff will monitor the cameras around the clock for any suspicious and appropriate behaviors.

Client Initials: _____



Staff Name: _Arym Firoockaan_

Staff Signature: _[signature]_

1

**<u>PROOF OF SERVICE</u>**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

At the time of service, I was over 18 years of age and not a party to this action. I am

4

employed in the County of Orange, State of California. My business address is 611 Anton

5

Boulevard, Suite 450, Costa Mesa, CA 92626.

6

On September 21, 2025, I served true copies of the following document(s) described as

7

**DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE**

8

**APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW**

9

**CAUSE RE: PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

10

**SEE ATTACHED SERVICE LIST**

11

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address hstern@messner.com to the persons at the e-mail addresses listed in

12

the Service List. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

13

14

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct. Executed on September 21, 2025.

15

16

17

*/s/ Heather Stern*
Heather Stern

18

19

20

21

22

23

24

25

26

27

28

5

**DECLARATION OF ANGELA ARCARO**

1

**SERVICE LIST**

2  Daniel L. Nelson                          *Attorneys for Plaintiff*
   Daryl G. Crouse
3  LAW OFFICE OF DANIEL L. NELSON
   13144 Prairie Ave.
4  Hawthorne, CA 90250
   Email: daryl@dlnelsonlaw.com
5  T: 310-641-8300

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF ANGELA ARCARO**

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S25

**25LBCV02555**                                                    September 22, 2025
**ELTON SPAIN vs ENCOMPASS HOUSING, A CALIFORNIA**                              8:30 AM
**NONPROFIT CORPORATION, et al.**

Judge: Honorable Nicole M. Heeseman          CSR: None
Judicial Assistant: D. Massa                 ERM: None
Courtroom Assistant: K. Johnson              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Daryl Glenn Crouse (Telephonic) by Daryl Glenn

For Defendant(s): ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT CORPORATION

by Attorney Kathleen Carter (Telephonic)

**NATURE OF PROCEEDINGS:** Hearing on Ex Parte Application Temporary Restraining
Order

The matter is called for hearing.

Court and counsel confer regarding the status of the case.

The Court having fully considered the arguments of all parties, both written and oral, as well as
the evidence presented, now rules as follows:

The Plaintiff's Ex Parte Application Temporary Restraining Order filed by Elton Spain on
09/18/2025 is Denied.

Status Conference is scheduled for 10/10/2025 at 08:30 AM in Department S25 at Governor
George Deukmejian Courthouse.

Notice is waived.

1  MESSNER REEVES LLP
   Kathleen Carter (SBN 157790)
2  Heather E. Stern (SBN 217447)
   611 Anton Boulevard, Suite 450
3  Costa Mesa, California 92626
   Telephone:  (949) 612-9128
4  Facsimile:   (949) 438-2304
   Email:      kcarter@messner.com
5              hstern@messner.com

6  Specially appearing for Defendants
   ENCOMPASS HOUSING, DEBY WOLFORD,
7  and JOHN SIMMONS

Electronically FILED by
Superior Court of California,
County of Los Angeles
10/08/2025 4:58 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By J. Ballesteros, Deputy Clerk

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10             **COUNTY OF LOS ANGELES, CENTRAL DISTRICT**

11

12  ELTON SPAIN,                          Case No. 25LBCV02555

13           Plaintiff,                   **DECLARATION OF HEATHER STERN
                                          IN RE: STATUS CONFERENCE**
14       v.

15  ENCOMPASS HOUSING, A CALIFORNIA       Date:  October 10, 2025
    NONPROFIT CORPORATION; DEBY           Time:  8:30 a.m.
16  WOLFORD; JOHN SIMMONS; and DOES 1-    Dept.: S25
    10, inclusive,
17
             Defendants.
18

19       I, Heather Stern, declare and state as follows:

20       1.    I am an attorney licensed to practice law in all courts of the State of California and

21  am a partner at the law firm of Messner Reeves LLP, specially appearing for defendants

22  ENCOMPASS HOUSING, DEBY WOLFORD, and JOHN SIMMONS in this action.

23       2.    In follow up to the last hearing on Monday, September 22, 2025, at which the Court

24  denied the temporary restraining order sought by Plaintiff and set a status conference for October

25  10, 2025, I am updating the Court regarding the communications that have occurred since then.

26       3.    Following the court's denial of the temporary restraining order, my office has

27  provided Plaintiff's counsel with additional information regarding the services Plaintiff is receiving

28  from other providers.  By email sent on September 22, 2025 at 3:24PM, my office advised Plaintiff's

_____
                          **DECLARATION OF HEATHER STERN**

counsel that we had confirmed that Plaintiff is already working with the County of LA DHS for housing navigation and he is also receiving Enhanced Care Management with Altamed Health Network, and he is also receiving services through Ascencia. We provided counsel with the contact information for County of LA DHS and Altamed Health Network, and also provided him with three other housing providers with bed availability together with contact information. A true and correct copy of this email is attached as Exhibit A.

4.    The email to Mr. Crouse appeared to be rejected by Mr. Crouse's email server, so the email was re-sent her email to attorney Daniel Nelson whose name is also on the pleading caption on the Complaint, on September 22, 2025 at 3:35PM. A true and correct copy of that email is attached as Exhibit B.

5.    When that email also appeared to be rejected, we re-sent the email again to the same two lawyers and to the email address pre-lit@dlnelsonlaw.com which appeared on the firm's website under contact information for the firm. A true and correct copy of this third email is attached as Exhibit C.

6.    On Tuesday, September 23, 2025, my office again emailed attorneys Crouse and Nelson, to advise them that there were beds available for Plaintiff at Union Rescue Mission and to please have him report before 2PM. A true and correct copy of this email is attached as Exhibit D.

7.    When that email was again rejected by the server for Plaintiff's counsel, the email was re-sent to attorney Nelson and to the email address pre-lit@dlnelsonlaw.com. A true and correct copy of this email is attached as Exhibit E.

8.    According to our information from our I.T. department, there is nothing on our end that is causing our emails to seemingly be rejected by Plaintiff's counsel's servers and instead it appears that Plaintiff's counsel's server has blocked our office's emails. Accordingly, I prepared a letter to attorneys Nelson and Crouse and sent it by facsimile to the fax number appearing on the California State Bar website for attorney Daniel Nelson, namely 310-641-4932. A true and correct copy of my letter and the fax confirmation sheet showing it was successfully faxed to attorneys Nelson and Crouse is attached as Exhibit F (with the transmittal page omitted).

9.    My letter provided attorneys Nelson and Crouse with another copy of the above-

1  described emails and asked them to un-block my partner Kathleen Carter and to send an email to
2  both of us to confirm that they have unblocked her.  As of the date of this declaration, I have not
3  received any reply from attorneys Nelson or Crouse to any of my office's emails or to my faxed
4  letter.

5        I declare under penalty of perjury under the laws of the State of California that the foregoing
6  is true and correct and that this declaration was executed on October 8, 2025.

7

8                              */s/ Heather Stern*
                            Heather Stern

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF HEATHER STERN**

EXHIBIT A

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | daryl@dlnelsonlaw.com |
| **Cc:** | Amanda Ellsworth; MR Orange County Filings Mailbox; MR Orange County Calendar Mailbox; Edwin Schwartz; Jennifer Tusko; Heather Stern |
| **Subject:** | RE: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE) |
| **Date:** | Monday, September 22, 2025 3:24:10 PM |

Counsel,

We have confirmed that your client is already working with the County of LA DHS for housing navigation.  He is also receiving Enhanced Care Management with Altamed Health Network. The numbers are below.   Please immediately reach out to them for referrals.

He is also receiving services through Ascencia.  Please reach out to them for referrals as well.


Housing Navigation:

County of LA DHS 213-288-7390

He stated that he is working with DHS for housing.

ECM:

Altamed Health Network 323-889-7399


My client has also identified the following resources that have immediate bed availability for Mr. Spain.

Union Rescue Mission  213 347-6300
They have availability, arrive before 2 pm daily, first come first serve
545 s. San Pedro st.
Los Angeles 90013

Long Beach Rescue Mission 562 591-1292
To check availability: arrive on site in person between 9:00 am and 1:00 pm daily
1430 Pacific Ave.,
Long Beach, CA 90813

Support Services Homeless Outreach by Bright Path Center,
669 Crenshaw Blvd. Koreatown, Los Angeles
Interim Housing/ $650 a month

Please have your client reach out immediately.

Kathy


**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



**From:** Heather Stern <HStern@messner.com>
**Sent:** Sunday, September 21, 2025 11:55 AM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Kathleen Carter <KCarter@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>
**Subject:** Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)


Counsel,

Please see attached sent for e-filing today.

- OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION


HEATHER E. STERN
Partner
D: 949.209.9555 O: 949.612.9128 E: hstern@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



EXHIBIT B

| From: | Kathleen Carter |
| --- | --- |
| To: | daniel@dlnelsonlaw.com |
| Cc: | daryl@dlnelsonlaw.com; Heather Stern; Amanda Ellsworth; Stacy I. Mitchell |
| Subject: | FW: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE) |
| Date: | Monday, September 22, 2025 3:34:58 PM |

Re-sending as I received an email that the below was rejected by your server.

**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



**From:** Kathleen Carter
**Sent:** Monday, September 22, 2025 3:24 PM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>; Heather Stern <HStern@messner.com>
**Subject:** RE: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

We have confirmed that your client is already working with the County of LA DHS for housing navigation. He is also receiving Enhanced Care Management with Altamed Health Network. The numbers are below. Please immediately reach out to them for referrals.

He is also receiving services through Ascencia. Please reach out to them for referrals as well.

Housing Navigation:
_____
County of LA DHS 213-288-7390
_____
He stated that he is working with DHS for housing.

ECM:
_____
Altamed Health Network 323-889-7399
_____

My client has also identified the following resources that have immediate bed availability for Mr. Spain.

Union Rescue Mission   213 347-6300
They have availability, arrive before 2 pm daily, first come first serve
545 s. San Pedro st.
Los Angeles 90013

Long Beach Rescue Mission 562 591-1292
To check availability: arrive on site in person between 9:00 am and 1:00 pm daily
1430 Pacific Ave.,
Long Beach, CA 90813

Support Services Homeless Outreach by Bright Path Center,
669 Crenshaw Blvd. Koreatown, Los Angeles
Interim Housing/ $650 a month

Please have your client reach out immediately.

Kathy


**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Heather Stern <HStern@messner.com>
**Sent:** Sunday, September 21, 2025 11:55 AM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Kathleen Carter <KCarter@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>
**Subject:** Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

Please see attached sent for e-filing today.

- OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

HEATHER E. STERN
Partner
D: 949.209.9555 O: 949.612.9128 E: hstern@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

EXHIBIT C

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | dlnelsonlaw@yahoo.com; pre-lit@dlnelsonlaw.com |
| **Cc:** | Heather Stern; Amanda Ellsworth; Stacy I. Mitchell; Jennifer Tusko |
| **Subject:** | FW: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE) |
| **Date:** | Monday, September 22, 2025 3:49:09 PM |

Please find the below email for Daryl Crouse being rejected by your servers at his email address.

**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



**From:** Kathleen Carter
**Sent:** Monday, September 22, 2025 3:35 PM
**To:** 'daniel@dlnelsonlaw.com' <daniel@dlnelsonlaw.com>
**Cc:** daryl@dlnelsonlaw.com; Heather Stern <HStern@messner.com>; Amanda Ellsworth <AEllsworth@messner.com>; Stacy I. Mitchell <SMitchell@messner.com>
**Subject:** FW: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Re-sending as I received an email that the below was rejected by your server.

**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



**From:** Kathleen Carter
**Sent:** Monday, September 22, 2025 3:24 PM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>; Heather Stern <HStern@messner.com>
**Subject:** RE: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

We have confirmed that your client is already working with the County of LA DHS for housing navigation.  He is also receiving Enhanced Care Management with Altamed Health Network. The numbers are below.   Please immediately reach out to them for referrals.

He is also receiving services through Ascencia.  Please reach out to them for referrals as well.

Housing Navigation:

County of LA DHS 213-288-7390

He stated that he is working with DHS for housing.

ECM:

Altamed Health Network 323-889-7399

My client has also identified the following resources that have immediate bed availability for Mr. Spain.

Union Rescue Mission  213 347-6300
They have availability, arrive before 2 pm daily, first come first serve
545 s. San Pedro st.
Los Angeles 90013

Long Beach Rescue Mission 562 591-1292
To check availability: arrive on site in person between 9:00 am and 1:00 pm daily
1430 Pacific Ave.,
Long Beach, CA 90813

Support Services Homeless Outreach by Bright Path Center,
669 Crenshaw Blvd. Koreatown, Los Angeles
Interim Housing/ $650 a month

Please have your client reach out immediately.

Kathy

**KATHLEEN CARTER**

Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Heather Stern <HStern@messner.com>
**Sent:** Sunday, September 21, 2025 11:55 AM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox
<MROCFilings@messner.com>; MR Orange County Calendar Mailbox
<MROCCalendar@messner.com>; Kathleen Carter <KCarter@messner.com>; Edwin Schwartz
<ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>
**Subject:** Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

Please see attached sent for e-filing today.

- OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO
  EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
  CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR
  TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
  INJUNCTION
- DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE APPLICATION FOR
  TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY
  INJUNCTION

HEATHER E. STERN
Partner
D: 949.209.9555 O: 949.612.9128 E: hstern@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

EXHIBIT D

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | daniel@dlnelsonlaw.com; daryl@dlnelsonlaw.com |
| **Cc:** | MR Orange County Filings Mailbox; Heather Stern |
| **Subject:** | Spain |
| **Date:** | Tuesday, September 23, 2025 10:14:29 AM |
| **Attachments:** | image002.png |

We are advised that there are beds available for Mr. Spain at URM today.  Please have him report before 2pm.

Kathy

**KATHLEEN CARTER**
Partner
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

EXHIBIT E

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | dlnelsonlaw@yahoo.com; pre-lit@dlnelsonlaw.com |
| **Cc:** | Heather Stern; MR Orange County Filings Mailbox |
| **Subject:** | FW: Spain |
| **Date:** | Tuesday, September 23, 2025 10:30:49 AM |
| **Attachments:** | image002.png |

For Danile and Daryle please.


**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Kathleen Carter
**Sent:** Tuesday, September 23, 2025 10:14 AM
**To:** daniel@dlnelsonlaw.com; daryl@dlnelsonlaw.com
**Cc:** MR Orange County Filings Mailbox <MROCFilings@messner.com>; Heather Stern <HStern@messner.com>
**Subject:** Spain


We are advised that there are beds available for Mr. Spain at URM today.  Please have him report before 2pm.


Kathy


**KATHLEEN CARTER**
Partner
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

EXHIBIT F

| | |
|---|---|
| **From:** | RingCentral |
| **To:** | Ambar Solorio |
| **Subject:** | Fax Message Transmission Result to +1 (310) 6414932 - Sent |
| **Date:** | Wednesday, September 24, 2025 2:30:04 PM |

## [ CAUTION: This Email is from an External Sender ]





Fax Transmission Result

Here are the results of the 12-page fax you sent from your phone number **(303) 418-8226, Ext. 1390**

| Name | Phone Number | Date and Time | Result |
|---|---|---|---|
| 13106414932@rcfax.com | +1 (310) 6414932 | Wednesday, September 24, 2025 at 2:29 PM | Sent |

*Your fax(es) included the following file(s), which were rendered into fax format for transmission:*

| File Name | Result |
|---|---|
| Letter to OPC re KKC Email Rejections [HS] 09.24.25.pdf | Success |

View this message on your RingCentral app.

Thank you for using RingCentral!

> Work from anywhere with the RingCentral app. It's got everything you need to stay connected: team messaging, video meetings and phone - all in one app. **Get started**

By subscribing to and/or using RingCentral, you acknowledge agreement to our Terms of Use.

Copyright 2025 RingCentral, Inc. All rights reserved. RingCentral and the RingCentral logo are trademarks of RingCentral, Inc., 20 Davis Drive, Belmont, CA 94002, USA.



HEATHER E. STERN
hstern@messner.com

TELEPHONE
(949) 209-9555

September 24, 2025

**VIA FACSIMILE**
Law Offices of Daniel L. Nelson, APC
Daniel L. Nelson
Daryl G. Crouse
13144 Prairie Ave
Hawthorne, CA 90250
F: 310-641-4932

   **Re:**  *Spain v Encompass Housing, LASC Case No. 25LBCV02555*

Counsel:

   My colleague Kathy Carter, who appeared at the ex parte on Monday, has been trying to email you, but has been receiving bouncebacks. According to our I.T. department, the reason for the bounceback is that on your end, you have blocked her email address. Please immediately un-block her and send an email to both of us (hstern@messner.com and kcarter@messner.com) to confirm you have unblocked her, as soon as you have accomplished this. In the meantime, attached is a copy of the emails she has sent you.

        Sincerely,

        MESSNER REEVES LLP

        */s/ Heather Stern*

        Heather E. Stern, Esq.

HES:AE
Enclosures

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | daryl@dlnelsonlaw.com |
| **Cc:** | Amanda Ellsworth; MR Orange County Filings Mailbox; MR Orange County Calendar Mailbox; Edwin Schwartz; Jennifer Tusko; Heather Stern |
| **Subject:** | RE: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE) |
| **Date:** | Monday, September 22, 2025 3:24:10 PM |
| **Attachments:** | image001.jpg |

Counsel,

We have confirmed that your client is already working with the County of LA DHS for housing navigation. He is also receiving Enhanced Care Management with Altamed Health Network. The numbers are below. Please immediately reach out to them for referrals.

He is also receiving services through Ascencia. Please reach out to them for referrals as well.


Housing Navigation:

County of LA DHS 213-288-7390

He stated that he is working with DHS for housing.


ECM:

Altamed Health Network 323-889-7399


My client has also identified the following resources that have immediate bed availability for Mr. Spain.

Union Rescue Mission  213 347-6300
They have availability, arrive before 2 pm daily, first come first serve
545 s. San Pedro st.
Los Angeles 90013

Long Beach Rescue Mission 562 591-1292
To check availability: arrive on site in person between 9:00 am and 1:00 pm daily
1430 Pacific Ave.,
Long Beach, CA 90813

Support Services Homeless Outreach by Bright Path Center,
669 Crenshaw Blvd. Koreatown, Los Angeles

Interim Housing/ $650 a month

Please have your client reach out immediately.

Kathy

**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Heather Stern <HStern@messner.com>
**Sent:** Sunday, September 21, 2025 11:55 AM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Kathleen Carter <KCarter@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>
**Subject:** Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

Please see attached sent for e-filing today.

- OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

HEATHER E. STERN
Partner
D: 949.209.9555 O: 949.612.9128 E: hstern@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | daniel@dlnelsonlaw.com; daryl@dlnelsonlaw.com |
| **Cc:** | MR Orange County Filings Mailbox; Heather Stern |
| **Subject:** | Spain |
| **Date:** | Tuesday, September 23, 2025 10:14:29 AM |
| **Attachments:** | image001.jpg |
| | image002.png |

We are advised that there are beds available for Mr. Spain at URM today.  Please have him report before 2pm.

Kathy

**KATHLEEN CARTER**
Partner
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | dlnelsonlaw@yahoo.com; pre-lit@dlnelsonlaw.com |
| **Cc:** | Heather Stern; MR Orange County Filings Mailbox |
| **Subject:** | FW: Spain |
| **Date:** | Tuesday, September 23, 2025 10:30:49 AM |
| **Attachments:** | image001.jpg |
| | image002.png |

For Danile and Daryle please.


## KATHLEEN CARTER
Partner
### Messner Reeves LLP
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Kathleen Carter
**Sent:** Tuesday, September 23, 2025 10:14 AM
**To:** daniel@dlnelsonlaw.com; daryl@dlnelsonlaw.com
**Cc:** MR Orange County Filings Mailbox <MROCFilings@messner.com>; Heather Stern <HStern@messner.com>
**Subject:** Spain


We are advised that there are beds available for Mr. Spain at URM today.  Please have him report before 2pm.

Kathy


## KATHLEEN CARTER
Partner
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

| | |
|---|---|
| **From:** | Kathleen Carter |
| **To:** | dlnelsonlaw@yahoo.com; pre-lit@dlnelsonlaw.com |
| **Cc:** | Heather Stern; Amanda Ellsworth; Stacy I. Mitchell; Jennifer Tusko |
| **Subject:** | FW: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE) |
| **Date:** | Monday, September 22, 2025 3:49:09 PM |
| **Attachments:** | image001.jpg |

Please find the below email for Daryl Crouse being rejected by your servers at his email address.


**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Kathleen Carter
**Sent:** Monday, September 22, 2025 3:35 PM
**To:** 'daniel@dlnelsonlaw.com' <daniel@dlnelsonlaw.com>
**Cc:** daryl@dlnelsonlaw.com; Heather Stern <HStern@messner.com>; Amanda Ellsworth <AEllsworth@messner.com>; Stacy I. Mitchell <SMitchell@messner.com>
**Subject:** FW: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)


Re-sending as I received an email that the below was rejected by your server.


**KATHLEEN CARTER**
Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



---

**From:** Kathleen Carter
**Sent:** Monday, September 22, 2025 3:24 PM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox <MROCFilings@messner.com>; MR Orange County Calendar Mailbox <MROCCalendar@messner.com>; Edwin Schwartz <ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>; Heather Stern <HStern@messner.com>
**Subject:** RE: Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)


Counsel,

We have confirmed that your client is already working with the County of LA DHS for housing navigation.  He is also receiving Enhanced Care Management with Altamed Health Network. The numbers are below.   Please immediately reach out to them for referrals.

He is also receiving services through Ascencia.  Please reach out to them for referrals as well.

Housing Navigation:

County of LA DHS 213-288-7390

He stated that he is working with DHS for housing.

ECM:

Altamed Health Network 323-889-7399

My client has also identified the following resources that have immediate bed availability for Mr. Spain.

Union Rescue Mission  213 347-6300
They have availability, arrive before 2 pm daily, first come first serve
545 s. San Pedro st.
Los Angeles 90013

Long Beach Rescue Mission 562 591-1292
To check availability: arrive on site in person between 9:00 am and 1:00 pm daily
1430 Pacific Ave.,
Long Beach, CA 90813

Support Services Homeless Outreach by Bright Path Center,
669 Crenshaw Blvd. Koreatown, Los Angeles
Interim Housing/ $650 a month

Please have your client reach out immediately.

Kathy

**KATHLEEN CARTER**

Partner
**Messner Reeves LLP**
**D:** 714.322.1954 **O:** 949.612.9128 **E:** kcarter@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626



**From:** Heather Stern <HStern@messner.com>
**Sent:** Sunday, September 21, 2025 11:55 AM
**To:** daryl@dlnelsonlaw.com
**Cc:** Amanda Ellsworth <AEllsworth@messner.com>; MR Orange County Filings Mailbox
<MROCFilings@messner.com>; MR Orange County Calendar Mailbox
<MROCCalendar@messner.com>; Kathleen Carter <KCarter@messner.com>; Edwin Schwartz
<ESchwartz@messner.com>; Jennifer Tusko <JTusko@messner.com>
**Subject:** Spain v Encompass Housing, LASC Case No. 25LBCV02555 (SERVICE)

Counsel,

Please see attached sent for e-filing today.

- OPPOSITION OF ENCOMPASS HOUSING, DEBY WOLFORD, AND JOHN SIMMONS, TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF ANGELA ARCARO IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION
- DECLARATION OF JADE SMITH IN OPPOSITION TO EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

HEATHER E. STERN
Partner
D: 949.209.9555 O: 949.612.9128 E: hstern@messner.com
611 Anton Boulevard, Suite 450, Costa Mesa, CA 92626

1

**<u>PROOF OF SERVICE</u>**

2

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

3

At the time of service, I was over 18 years of age and not a party to this action.  I am

4

employed in the County of Orange, State of California.  My business address is 611 Anton

5

Boulevard, Suite 450, Costa Mesa, CA 92626.

6

On October 8, 2025, I served true copies of the following document(s) described as

7

**DECLARATION OF HEATHER STERN IN RE: STATUS CONFERENCE** on the interested

8

parties in this action as follows:

9

**SEE ATTACHED SERVICE LIST**

10

**BY E-MAIL OR ELECTRONIC TRANSMISSION:**  I caused a copy of the document(s)
to be sent from e-mail address aellsworth@messner.com to the persons at the e-mail addresses listed

11

in the Service List.  I did not receive, within a reasonable time after the transmission, any electronic
message or other indication that the transmission was unsuccessful.

12

13

I declare under penalty of perjury under the laws of the State of California that the

14

foregoing is true and correct.

15

Executed on October 8, 2025, at Menifee, California.

16

17

*/s/ Amanda Ellsworth*
Amanda Ellsworth

18

19

20

21

22

23

24

25

26

27

28

4

**DECLARATION OF HEATHER STERN**

1

**SERVICE LIST**

2

Daniel L. Nelson
Daryl G. Crouse

3

LAW OFFICE OF DANIEL L. NELSON
13144 Prairie Ave.

4

Hawthorne, CA 90250
Email: daryl@dlnelsonlaw.com

5

daniel@dlnelsonlaw.com
pre-lit@dlnelsonlaw.com

6

T: 310-641-8300
F: 310-641-4932

7

***Attorneys for Plaintiff***

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF HEATHER STERN**

POS-010

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Daniel L Nelson (SBN 14670) Daryl G. Crouse (SBN 296385)<br>13144 Prairie Ave.<br>Hawthorne, CA 90250<br><br>TELEPHONE NO.: 310-641-8300    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* litigation@dlnelsonlaw.com<br>ATTORNEY FOR *(Name):* Elton Spain | *FOR COURT USE ONLY*<br><br>**Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/10/2025 12:27 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Hernandez, Deputy Clerk** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
STREET ADDRESS: 275 Magnolia Ave.
MAILING ADDRESS:
CITY AND ZIP CODE: Long Beach, 90802
BRANCH NAME: Governor George Deukmejian

| | |
|---|---|
| PLAINTIFF/PETITIONER: Elton Spain | CASE NUMBER:<br>25LBCV02555 |
| DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons,<br>DOES 1-10, inclusive | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* ex parte

3. a. Party served *(specify name of party as shown on documents served):* Deby Wolford and Encompass Housing

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 2900 South Harbor Blvd, Suite 100, Santa Ana, CA

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):*                    (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 9/17/2025        at *(time):* 3:30 pm        I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*
      front desk attendant, Kevin, said authorized to receive for Encompass and Deby Wolford
      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.
      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.
      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.
      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):* 10/10/2025  from *(city):* Hawthorne, CA   **or** ☐ a declaration of mailing is attached.
      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Elton Spain | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons | 25LBCV02555 |

5.  c.  ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the
address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                     (2) from *(city):*

    (3)  ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed
to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30.)

    (4)  ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☒  **by other means** *(specify means of service and authorizing code section):*
Deby Wolford was standing behind an aquarium where Kevin went to talk to her and then returned to receive
the papers for her.

    ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☒  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☒  On behalf of *(specify):* Encompass Housing
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7.  **Person who served papers**
  a.  Name: Brandon Scott McCrory
  b.  Address: 13804 Arcturus Ave., Gardena, CA 90249
  c.  Telephone number: 929-289-2202
  d.  **The fee** for service was: $150.00
  e.  I am:
    (1)  ☐  not a registered California process server.
    (2)  ☒  exempt from registration under Business and Professions Code section 22350(b).
    (3)  ☐  a registered California process server:
        (i)  ☐  owner  ☐  employee  ☐  independent contractor.
        (ii)  Registration No.:
        (iii)  County:

8.  ☒  **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9.  ☐  **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/10/2025

Brandon Scott McCrory
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
                 (SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Daniel L Nelson (SBN 14670) Daryl G. Crouse (SBN 296385)<br>13144 Prairie Ave.<br>Hawthorne, CA 90250<br><br>TELEPHONE NO.: 310-641-8300      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* litigation@dlnelsonlaw.com<br>ATTORNEY FOR *(Name):* Elton Spain | **Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>10/10/2025 12:27 PM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By L. Hernandez, Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **LOS ANGELES** | |
|---|---|
| STREET ADDRESS: 275 Magnolia Ave.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Long Beach, 90802<br>BRANCH NAME: Governor George Deukmejian | |

| PLAINTIFF/PETITIONER: Elton Spain | CASE NUMBER:<br>25LBCV02555 |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons,<br>DOES 1-10, inclusive | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☒ summons
   b. ☒ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☐ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☒ other *(specify documents):* ex parte

3. a. Party served *(specify name of party as shown on documents served):* John Simmons

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person
      under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 4111 East Wilton St., Long Beach, CA

5. I served the party (check proper box)
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on *(date):*                (2) at *(time):*
   b. ☒ **by substituted service.** On *(date):* 9/17/2025          at *(time):* 4:45 pm       I left the documents listed in item 2 with or
      in the presence of *(name and title or relationship to person indicated in item 3):*
      refused name, caucasion, female, 45-55 yo, 5'10", dark hair, nurse, maroon scrubs, rep for John Simmons

      (1) ☒ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business
         of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual
         place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed
         him or her of the general nature of the papers.

      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served
         at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
         *(date):* 10/10/2025 from *(city):* Hawthorne, CA   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: Elton Spain | CASE NUMBER: 25LBCV02555 |
|---|---|
| DEFENDANT/RESPONDENT: Encompass Housing, Deby Wolford, John Simmons | |

5.  c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*                                      (2) from *(city):*

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐ **by other means** *(specify means of service and authorizing code section):*

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☒ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☐ On behalf of *(specify):*
      under the following Code of Civil Procedure section:

   ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
   ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
   ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
   ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
   ☐ 416.50 (public entity)                  ☐ 415.46 (occupant)
                                             ☐ other:

7. **Person who served papers**
   a. Name: Brandon Scott McCrory
   b. Address: 13804 Arcturus Ave., Gardena, CA 90249
   c. Telephone number: 929-289-2202
   d. **The fee** for service was: $75.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☒ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☐ a registered California process server:
          (i) ☐ owner  ☐ employee  ☐ independent contractor.
          (ii) Registration No.:
          (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 10/10/2025

Brandon Scott McCrory
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _____
(SIGNATURE)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Civil Division
South District, Governor George Deukmejian Courthouse, Department S25

**25LBCV02555**                                                               October 10, 2025
**ELTON SPAIN vs ENCOMPASS HOUSING, A CALIFORNIA**                    8:30 AM
**NONPROFIT CORPORATION, et al.**

Judge: Honorable Nicole M. Heeseman          CSR: None
Judicial Assistant: M. Briel                 ERM: None
Courtroom Assistant: K. Johnson              Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Daryl Glenn Crouse

For Defendant(s): Heather Stern for ENCOMPASS HOUSING, A CALIFORNIA NONPROFIT

CORPORATION (Telephonic)

**NATURE OF PROCEEDINGS:** Status Conference

The matter is called for hearing.

The Status Conference is held.

The Court notes that the Proof of Services are incorrect.

Plaintiff is to give notice.